ALEXANDER G. SAND *v.* VIVIAN K. SAND.

(69 A2d 7)

October Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, J.J.

Opinion filed November 1, 1949.

*Wayne C. Bosworth* and *Lawrence & O'Brien* for the defendant.

*John T. Conley* for the plaintiff.

JEFFORDS, J. This is a petition to revise and modify a decree for alimony. The defendant filed a demurrer to the petition which was overruled and the cause was passed to this Court before final judgment.

The only material ground of the petition is that the order of payment of alimony made at the time the divorce was granted the defendant was too much for the plaintiff to pay in view of his financial condition.

The grounds of the demurrer are, in substance, that there is no allegation in the petition that the pertinent circumstances as regards either of the parties had in any way changed since the date of the entry of the decree of divorce and that the allegations are only as to matters existing at the time of the original hearing and of the entry of the decree therein.

The petition is brought under V. S. 3249, Rev. of 1947, which as far as here material reads as follows: "After a decree for ali-

mony for the wife or children, the court may revise and alter its decree from time to time, on the petition of either party and due notice, respecting the amount of such alimony and the payment thereof, and may make such decree respecting any of such matters as might have been made in the original action."

The plaintiff, in support of the ruling of the lower court, says that this petition was heard on December 3, 1948, at which time the defendant moved that the petition be dismissed and that the motion was denied with exceptions to the ruling not taken to this Court. The plaintiff claims that this ruling or adjudication is final and conclusive not only as to the matter actually determined but as to every other matter which the parties might have litigated and have had decided, as incident to or essentially connected with the subject matter of the litigation. In short the plaintiff claims, in effect, that the right to have his petition considered has been determined in his favor under the doctrine of *res judicata.* He cites *Tillison* v. *Tillison,* 63 Vt 411 at 415, 22 A 531, in support of this claim. But it is shown in that case and in all the cases that this doctrine only applies where there has been a final judgment on the merits of the case. Such is not the situation here. The ground for the dismissal urged at the hearing in December was that there was pending a motion filed in October, 1948, not disposed of, which had the same subject matter as the petition here in question. The ruling of the court made in December merely settled in favor of the plaintiff that the ground then presented by the defendant for the dismissal of the petition was not valid and did not in any way affect the demurrer which was filed in January, 1949.

The question of whether it is necessary to show a change in circumstances or conditions subsequent to the entry of the original decree for alimony in order to give the trial court authority to revise or alter the decree under the provisions of § 3249 supra has never been directly put in issue and decided by this Court, as far as we are able to ascertain. However, in some of our cases there is language strongly indicating the necessity of such a showing in order to successfully invoke the aid of the statute. See *Andrew* v. *Andrew,* 62 Vt 495 at 500, 20 A 817; *Montpelier* v. *Elmore,* 71 Vt 193 at 195, 44 A 71 and *Buckminster* v. *Buckminster,* 38 Vt 248 at 250, 88 Am Dec 652. True it is that the words referred to in these last two cases were spoken in reference to the statute (now V. S. 3252, Rev. of 1947) giving the trial court the

right, on petition of either of the parents, to change its orders previously made in respect to the care, custody and maintenance of the minor children. In this latter statute it is provided that such changes may be made at any time after the divorce has been granted. In the statute in question the pertinent words are "from time to time." The material words in each statute point to a time after the original order was made. There is no reason that we can perceive why the rule indicated in the Montpelier and Buckminster cases as applying to the statute there under consideration should not be applied to the one here in question. In other jurisdictions where the right to alter or revise an alimony order is given by a statute similar to ours, or where such a right is otherwise held to exist, the universal rule seems to be that in order to warrant such alteration or revision a change in conditions or circumstances must be shown. See *Knabe* v. *Knabe,* 176 Md 606, 6 A2d 366, 124 ALR 1317; *Felton* v. *Felton,* 123 Conn 564, 196 A 791; *Barrett* v. *Barrett,* 411 NJ Eq 139, 3 A 689; *Norton* v. *Norton,* 131 Fla 219, 179 So 414; 17 Am Jur 493, note 10; 27 CJS 1093, note 25.

Inasmuch as the petition does not set forth any change in circumstances which have arisen since the entry of the alimony decree it was insufficient and the demurrer should have been sustained.

*The judgment overruling the demurrer is reversed and the cause remanded.*