WILLIAM A. GRISWOLD ET UX *v.* TOWN SCHOOL DISTRICT
OF WEATHERSFIELD.

(88 A2d 829)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

*Ernest E. Moore, Wallace C. Schinoski* and *Raymond L. Miles* for the plaintiffs.

*Alban J. Parker* for the defendant.

JEFFORDS, J. This is an action of tort. The complaint alleges, in substance, that on July 16, 1948, the plaintiffs were the owners of a certain spring and aqueduct leading therefrom located on lands of others; that the spring supplied water to the plaintiffs' residence which is located next to the Perkinsville school house in the town of Weathersfield; that the spring had supplied a never failing flow

of water to the plaintiffs' residence; that the spring was kept filled by an underground stream of water that flowed in a definite stream through a channel into the spring; that the water supply at said school house was inadequate for the use of its pupils and for this reason the defendant, through its servants and agents began to dig and explore for a water supply for the school house; that in such effort the defendant's servants and agents acting for the defendant excavated a deep hole in the ground only twelve and one half feet distant from the plaintiffs' spring and four feet below the bottom of the spring; that the defendant's servants and agents unlawfully and without right placed large quantities of dynamite in this hole and exploded the dynamite and thereby diverted the stream of water that had flowed into the spring so that it became practically dry and useless thereafter.

Other acts with similar results are alleged to have been done by the defendant at a later time. It is alleged that the defendant diverted and took for its own use the stream of water which formerly flowed into the spring by causing it to flow into the defendant's newly constructed water system without having compensated the plaintiffs for such diversion and taking in any way.

It is also alleged that the plaintiffs' aqueduct was torn up and its broken ends exposed and unconnected and that the plaintiffs' spring house was broken open.

The defendant demurred to the complaint on the ground that it was required as a matter of law to take such measures as were necessary to get an adequate water supply for its Perkinsville school, and in so doing it was engaged in a governmental activity directly connected with the purpose for which it was created and thus is immune from liability for the injuries claimed in the complaint to have been suffered.

The demurrer was sustained. The plaintiffs were allowed an exception to the ruling and the cause was passed to this Court for hearing and determination before final judgment as provided by statute.

The question is whether the complaint states a good cause of action as against the ground of the demurrer.

■ ■ The right to take water from a spring located on the land of another is a right in the land itself and thus, beyond doubt, a property right. *Davidson* v. *Vaughn,* 114 Vt 243, 248, 44 A2d 144; *Clement* v. *Rutland Country Club,* 94 Vt 63, 66, 108 A 843;

*Lawrie* v. *Silsby,* 76 Vt 240, 251, 56 A 1106. The declaration alleges that the underground stream which supplied the spring flowed in a definite channel; thus it was not percolating water subject to the rules pertaining thereto. The plaintiffs had an interest in this water which the defendant could not interfere with or destroy by an unlawful diversion of the water. *Fire Dist. No. 1* v. *Graniteville Spring Water Co.,* 103 Vt 89, 152 A 42.

■ Article 2 of chapter 1 of our constitution provides "that private property ought to be subservient to public uses when necessity requires it, nevertheless, whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money." If property has to be so taken it must be under the right of eminent domain. *Sanborn* v. *Village of Enosburg Falls,* 87 Vt 479, 483, 89 A 746. The defendant had this right of taking the property and property rights in question by virtue of the provisions of V. S. 47, § 4413. It did not choose to exercise its right under the statute and now claims immunity from liability because it was engaged in a governmental activity.

■ This doctrine of immunity from liability does not apply where the injury complained of is the taking of private property for public use without compensation. *Thompson* v. *City of Philadelphia,* 180 Miss 190, 177 So 39; *Johnson* v. *School Dist. No. 1,* 239 Mo App 749, 199 SW2d 421; *Stevens* v. *Worcester,* 196 Mass 45, 81 NE 907; *Pine* v. *Mayor, etc.,* 103 F 337; *Jacobs* v. *Seattle,* 100 Wash 524, 171 P 662, LRA 1918 E, 131; *Bradbury* v. *Vandalia, etc. Dist.,* 236 Ill 36, 86 NE 163, 19 LRANS 99; *Adams* v. *Sengel,* 177 Ky 535, 197 SW 974, 7 ALR 268; McQuillin Mun. Corp. § 3280; 63 CJS 50; 18 Am Jur 774 and 1026; 38 Am Jur 265.

This rule has been recognized and applied in our own cases. *Whipple* v. *Fair Haven,* 63 Vt 221 at 224, 21 A 533; *Winn* v. *Rutland,* 52 Vt 481, 494. It has also been recognized in cases having to do with damage to property but not with the taking thereof. *Haynes* v. *Burlington,* 38 Vt 350, 360; *Sanborn* v. *Village of Enosburg Falls,* 87 Vt 479, 89 A 746, 748. It is stated in the latter case that "Any permanent occupation of private property for public use and exclusion of the owner from its beneficial use, regardless of how the title is left, must be in the exercise of the right of eminent domain, and must be compensated for, unless it can be referred to some other governmental power, as the police power." It is also

shown in that case that in order for the rule to apply it is not necessary that the owner be absolutely divested of all title in the property. This case and the others which we have cited show beyond question that there was a taking of property in the present case within the meaning of the constitutional provision. See especially *Pine* v. *Mayor, etc., supra,* and *Stevens* v. *Worcester, supra,* cases involving the illegal taking of property by diversion of water. These two cases show, if such a showing be necessary, that the property rights here involved come within the term "property" as used in Art. 2 ch. 1 of our Constitution. See also Constitutional Law, 16 CJS § 599 and same title, 12 Am Jur §§ 649-651 inc.

The defendant argues that though there is no allegation of negligence in the complaint and though the plaintiffs in their brief state that negligence is not charged that, in effect, negligence is alleged as the cause of the claimed damage and consequently under our cases there is immunity from liability on its part. The rule as stated in these cases was last set forth in *Farmer* v. *Poultney,* 113 Vt 147 at 149 as follows: "that in the absence of statutory provision there can be no recovery against a municipal corporation for injuries occasioned by its negligence or nonfeasance in the exercise of functions essentially governmental in character." The claim of the defendant seems to be, in substance, that because large quantities of dynamite were used this was negligence per se. The authorities cited by the defendant do not bear out this claim. It is apparent that such use might be wilful and thus under the common law not negligent. *Sorrell* v. *White,* 103 Vt 277, 283. There well might be no negligence involved. ·

The liability under our constitutional provision is not dependent on negligence but on the taking of private property and this unlawful taking gives the right of action. See cases from other jurisdictions first above cited, especially *Thompson* v. *City of Philadelphia* and *Bradbury* v. *Vandalia etc. Dist.* The case of *Adams* v. *Sengel, supra,* was one where the taking was the result of heavy blasting. Several of the cases cited in the Farmer case, *supra,* in support of the rule therein stated we have heretofore referred to as showing that the rule does not apply when there has been a taking of private property. Moreover, it is difficult to find any good reason why there should be liability for a taking through no negligence but non-liability if the same taking is the result of

negligence. Such a doctrine it seems to us would be most unjust and indeed a monstrous doctrine permitting a way for avoiding liability under the constitutional provision. See in this connection *Winn* v. *Rutland, supra,* wherein negligence was charged.

*The order sustaining the demurrer is reversed and the cause is remanded.*