### Sheldon H. Miller v. Marjorie J. Miller

[186 A.2d 93]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*W. Edson McKee* for the petitioner.

*Richard E. Davis* and *Stephen B. Martin* for the petitionee.

**Shangraw, J.** This is a petition brought by Sheldon H. Miller, petitioner, returnable before the Washington County Court, seeking to modify and revise a divorce decree which he obtained on October 24, 1960 in the District Court of the Virgin Islands, Division of St. Thomas and St. John. The purpose of the petition is to gain a reduction in the weekly payments which, under the above decree, he was ordered to pay the petitionee by way of support of his three minor children.

The petitionee filed a motion to dismiss setting forth that the provisions of the decree relating to the support of the minor children should be respected as *res judicata.* The motion was granted and the petitioner has appealed to this Court under the provisions of 12 V.S.A. §2382.

The decree of divorce recites that personal service of the divorce petition was made on Mrs. Miller, and, in that she neither personally appeared or was represented by counsel, she was defaulted. By the

decree, the bond of matrimony entered into between the parties on August 2, 1948 was dissolved.

The petition to modify sets forth that both parties to these proceedings, including the children, now reside in Washington County, Vermont. The children reside with their mother, the petitionee. The petition is addressed to paragraph 2 of the decretal order, which reads:

"2. That the custody of the three minor children Stephen B. Miller, Richard E. Miller, and Kenneth A. Miller, is hereby granted to the defendant during their minority, with reasonable rights of visitation to the plaintiff; and the plaintiff shall pay to the defendant the sum of $75.00 per week during their minority for the support and maintenance of said Children."

The petitioner seeks a modification of the above provisions of the decree by stating: "That the circumstances as concerns his financial condition have changed considerably and that he is now in need of relief from the Order of payment set forth in said Decree."

The sole question for review is whether or not the above foreign decree may be modified by a Vermont court to the extent prayed for.

The petitionee, in support of the action of the trial court in dismissing the petition, urges that the doctrine of *res judicata* is applicable, and that any revision of the decree by a Vermont court would be violative of the Full Faith and Credit clause of the federal Constitution. The petitioner counters by claiming that the provisions of the order relating to the support of the minor children was a discretionary matter on the part of the court which rendered it, and based upon conditions then existing. He urges that the Full Faith and Credit clause does not protect the judgment in these respects under a showing of a change in circumstances.

Article IV, section 1 of the federal Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof." Congress, by the Act of May 26, 1790, c.11, as amended, R.S. §905, 28 U.S.C.A. §687, declared that judgments "shall have such faith and credit given to them in every court within the United States

as they have by law or usage in the courts of the State from which they are taken."

■  Divorce decrees of the District Court of the Virgin Islands have the same legal effect as similar decrees in the various state courts, and are entitled to full faith and credit throughout the United States, its territories and possessions under 28 U.S.C.A. §1738.

■  The doctrine of *res judicata* applies only where there has been a final judgment on the merits of a case. *Sand* v. *Sand,* 116 Vt. 70, 71, 69 A.2d 7. In this state a divorce decree for alimony or other annual allowance for the wife or children is not a final judgment, and under the provisions of 15 V.S.A. §758 is subject to revision upon a showing of a change in circumstances or conditions subsequently to the entry of the original decree. Likewise, the Virgin Islands Code Annotated provides that after judgment, a decree may be set aside, altered or modified with respect to support payments. 16 V.I.C.A. §§109, 110.

■  Finality of judgment seems to be the test as to whether or not the Full Faith and Credit clause is to be respected. In *Minick* v. *Minick,* 111 Fla. 469, 491, 149 So. 483, 492, the Florida Supreme Court quoted with approval the statement in Schouler on Marriage and Divorce (6th Ed.) §1896: "These judgments (of custody) are necessarily provisional and temporary in character, and are ordinarily not *res judicata,* either in the same court or that of a foreign jurisdiction, except as to facts before the court at the time of the judgment." See *Meadows* v. *Meadows,* 78 Fla. 576, 83 So. 392. If the amount payable under a decree—as in the case of judgment for alimony—is discretionary with the court which rendered it, full faith and credit does not protect the judgment. *Halvey* v. *Halvey,* 330 U.S. 610, 615, 67 S. Ct. 903, 91 L. Ed. 905, citing *Sistare* v. *Sistare,* 218 U.S. 1, 17, 30 S. Ct. 682, 54 L. Ed. 905, 28 L.R.A., N.S. 1068. At page 614 of the Halvey case, *supra,* the court stated: "But a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum that it has in the State where rendered.," citing *Reynolds* v. *Stockton,* 140 U.S. 254, 264, 11 S. Ct. 773, 35 L. Ed. 464. Again referring to the Halvey case, *supra,* Mr. Justice Rutledge, concurring in the opinion, made this observation: "Accordingly, if the state

rendering the judgment gives it no final effect to prevent its alteration, I am unable to see how others having jurisdiction of the parties and the subject matter may be required to give it finality in this respect by virtue of the provision for full faith and credit."

In the case of *In re Cooke,* 114 Vt. 177, 41 A.2d 177, it was held that when a divorce is granted in a foreign state, and the decree therein makes orders as to custody of the minor children, such orders as to custody will be respected as *res judicata* in Vermont; if, however, it appears that conditions relating to the custody of the children have since changed, the Vermont courts having jurisdiction may act in the matter of custody of children in the light of changed conditions, notwithstanding the foreign decree. At page 180 of the opinion, Mr. Justice Sturtevant, in speaking for the Court, made this statement: "The Ohio decree renders the question of custody *res adjudicata* as between the parents upon the facts as they existed on the date of the decree, that is, on May 2, 1941, but it has no binding, conclusive or even persuasive effects as to any events or changed conditions which may have occurred since that date." citing *Sheehey* v. *Sheehey,* 88 N. H. 223, 186 Atl. 1, 4, 107 A.L.R. 635. While the case under consideration deals with support payments, rather than custody, there is no practical reason for considering them on a different basis.

The Full Faith and Credit clause requires that Vermont courts give the Virgin Islands decree as much credit as it has where rendered; it does not require this state to give more. See 17A Am. Jur. Divorce and Separation, §982, p. 165. Since the present complaint alleges a change in circumstances it was error to grant the motion to dismiss.

*The judgment granting the motion to dismiss is reversed and the cause remanded.*