## Sheldon H. Miller v. Marjorie J. Miller

[197 A.2d 488]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

Reargument Denied February 4, 1964

*W. Edson McKee* for the petitioner.

*Richard E. Davis* and *Stephen B. Martin* for the petitionee.

**Smith, J.** The parties to this action were divorced by a decree of the District Court of Virgin Islands, District of St. Thomas and St. John, on October 24, 1960. In the decree of divorce obtained

by the petitioner the custody of the three minor children of the parties was awarded to the petitionee, and the petitioner was ordered to pay to the petitionee the sum of $75.00 per week for the care and support of said children during their minority.

This Court, in a previous appeal by this petitionee, held, in essence, that under the provisions of 15 V.S.A. §758 the Virgin Islands District Court decree was not a final judgment as to support payments, with both parties as well as the minor children being resident in this state. The opinion stated that the order for support payments was subject to a new order by the courts in this state upon a showing of a change in circumstances or conditions subsequent to the entry of the original decree. *Miller* v. *Miller,* 123 Vt. 221, 186 A.2d 93.

The petitioner brought his petition to the Washington County Court to modify and revise the divorce decree of the Virgin Islands District Court, to grant him a reduction in the weekly payments which, under that decree, he was ordered to pay the petitionee for the support of his three minor children. In a previous appeal to this Court from a dismissal of the petition we reversed the judgment granting the motion to dismiss and remanded the cause. *Miller* v. *Miller,* 123 Vt. 221, 186 A.2d 93. The present appeal, by the petitionee, is from a judgment order by the Washington County Court granting the petition for modification of the support order of the Virgin Islands Court and reducing the amount of payments from petitioner to petitionee for the support of the minor children.

While the words "modify" and "modification" are used in the petition and in this opinion it should be understood that in a technical sense one state cannot directly modify the decree of a sister state relating to child support. However, if there is personal jurisdiction of the parties, as here, a state may enter a new order for child support, which supersedes in that respect, the decree of the foreign state, if a substantial change in circumstances is established. *Durfee* v. *Durfee,* 293 Mass. 472, 200 N.E. 395. See 17A Am. Jur. Divorce and Separation, p. 165; 27B Corpus Juris Secundum, Divorce, p. 916.

The Washington County Court, after a hearing on the petitioner's motion to modify the order for payment of support of the Virgin Islands Court, made a judgment order reducing the amount of such

payments from the petitioner to the petitionee from $75.00 per week to the sum of $66.00 per week.

The present appeal by the petitionee is based upon two grounds. The first ground is that the judgment order is not supported by the findings of fact made by the lower court.

The basis of the second ground of the appeal is that the lower court erred in excluding evidence offered by the petitionee to disclose petitioner's intent to return to his Vermont residence once he had obtained a divorce decree from the Virgin Islands Court.

The only question presented to us by the petitionee's appeal from the judgment order is whether the judgment order is supported by the facts found. *Graham* v. *Slayton,* 122 Vt. 425, 431, 175 A.2d 809. *In re Estate of Boynton,* 121 Vt. 98, 100, 148 A.2d 115.

The change of circumstances alleged by petitioner's motion to modify the support order in the Virgin Islands' decree was, "That the circumstances as concerns his financial condition have changed considerably and that he is now in need of relief from the Order of Payment as set forth in said Decree."

The lower court found that the parties separated in the early part of 1959, and under a separation agreement the petitioner agreed to pay the petitionee the sum of $75.00 per week for the support of Stephen, born in 1952, Ricker, born in 1955, and Kenneth, born in 1958, the three children of the parties.

At the time of separation, the petitioner was employed as an engineer with the Vermont Highway Department at a base pay of $115.50 per week. He was also doing outside architectural and art work for which he received about $1,000.00 in 1959, with the income from this outside work varying to greater and lesser amounts in other years.

Petitioner went to the Virgin Islands in June 1960 and returned to Vermont in November 1960. While there he was employed at a salary of $124.00 per week and received his room and board as recompense for other employment. Upon his return to Vermont, he was again employed by the State Highway Department and now receives a salary of $134.00 per week. After deductions, his present "take home" pay is $108.00 per week. After his payment of $75.00

per week to the petitionee, plus a $12.00 weekly payment on automobile, he has $21.00 per week left from his salary.

The lower court found that the petitioner is able to continue the outside work that he has done in the past to supplement his income but "does not want to so he can spend more time with his family."

In November 1963, the petitioner will have $35.00 per month deducted from his pay under the State Retirement Fund. Petitioner takes the income tax deductions for the support of the three minor children.

The petitioner was married to his present wife on November 13, 1960, and she is the mother of two children by a previous marriage. His present wife is employed and earns around $65.00 per week.

The findings disclose that the petitionee's expenses for maintaining the family have increased since the date of the divorce. She now has weekly expenses in connection with the support of the three children of the couple of $155.22 per week. The petitionee is employed at a base pay of $95.50 per week with a "take home" pay of $66.73.

The ultimate finding of fact by the lower court, upon which the judgment order was based, is "The petitionee requires not less than $22.00 each week per child, and this amount, considering all the facts and circumstances, is fair and reasonable."

■ In order to justify a modification of a support order, just as in a proceeding to modify a custody order, there must have been a substantial change in the material circumstances since the original order was made. 17 Am. Jur. Divorce and Separation, p. 49; *Miles* v. *Farnsworth*, 121 Vt. 491, 160 A.2d 759. The parties, and the minor children too, have a right to rely on the original order until cause for revision is legally established. The protection and safeguard of children uprooted by parental discord and divorce are a prime concern of the law. And the court in whose charge they are committed owes first obedience to consideration of the child's welfare. The opposing desires of hostile parents, insofar as they conflict with the well-being of the child, must yield. *Orr* v. *Orr*, 122 Vt. 470, 473, 177 A.2d 233; *Buckminster* v. *Buckminster*, 38 Vt. 248, 250, 88 Am. Dec. 652.

The first circumstance confronting us in our consideration of this matter is that the findings of fact establish that the expense for main-

taining the three minor children of the parties has increased, rather than decreased, since the original support decree. The findings of fact establish that the weekly expense to the petitionee in maintaining the family is now $155.22 per week. Deducting from this sum the weekly take home pay of the petitionee of $66.73, there is lacking $88.49 each week to take care of the necessary expense for the welfare of the minor children here involved.

The facts found clearly establish that a reduction of support payments from $75.00 weekly to the lesser sum of $66.00 weekly are not in the best interest of the minor children's welfare, but to the contrary.

We now turn to the findings of fact relative to the petitioner's inability to make payments of $75.00 per week, and upon which the lower court's judgment order, which reduced and modified the order of support payments to $66.00 per week, was based.

The change in circumstances in the compensation of the petitioner is that he is now receiving a base pay of $134.00 per week, as compared with the $115.50 per week he was receiving at the time he entered into the separation agreement, and the $124.00 per week that he was receiving at the time the divorce decree and support order were made in the Virgin Islands Court.

The findings do disclose that his take home pay, after various deductions, is only in the amount of $108.00 per week, and the findings do not disclose what his take home pay was at the time of the separation and divorce. We will take judicial notice, however, that the base pay of the petitioner in 1959 and 1960 was also subject to the income tax and social security deductions provided for under the law. The monthly deduction to take place in the future, for petitioner's participation in the State Retirement System, will eventually be returned for the benefit of the petitioner and his present wife.

The petitioner has remarried, which is a circumstance that can be taken into consideration in considering a modification of the support order, but the lower court has not found that such remarriage has placed any additional financial burden upon the petitioner. But the fact that a divorced husband has remarried is not alone ground for reducing the amount of an award for support of children of the prior marriage. 27B C.J.S. Divorce, p. 705.

The most, if not the only, substantial decrease in income to the petitioner is a loss of compensation formerly earned by him in work done outside his regular employment. Such loss of income, however, the findings make clear, is due to his own volition. The finding is that "he is able to continue this except that he does not want to so he can spend his free time with his family."

The desire of the petitioner to spend more time with his present family may be both laudable and natural. A court, however, with the welfare of the minor children of a petitioner as its first consideration in considering a motion to reduce support payments to such children, cannot properly consider a voluntary lessening of his income by a petitioner as a circumstance justifying a reduction in such payments. Such consideration would place the selfish desire of the parent over that of the welfare of the child, and would be contrary to the intent and purpose of the law.

The record clearly disclosed that the needs of the minor children of the petitioner have increased, rather than decreased, since the original support order was made. Clearly the evidence, as well, is that any substantial reduction in the income of the petitioner since the time of the original order, is due to his own voluntary curtailment of his earning opportunities. The judgment of the lower court which reduces the amount of financial support which this father must provide for his children is of benefit to the petitioner. It is not, however, of benefit to the children whose welfare is the primary concern of the court. The discretion of the trial court was exercised on grounds clearly unreasonable and untenable and the bounds of judicial discretion were exceeded. See *McKinney* v. *Kelly,* 120 Vt. 299, 313-314, 156 A.2d 74; *Orr* v. *Orr, supra,* p. 473.

For the reasons given, the judgment below must be reversed, and the petition of the petitioner for modification of the support order dismissed. By reason of this disposition of the matter we need give no consideration to the second claim of error briefed by the petitionee.

The order is *"Judgment Reversed, Motion Dismissed."*

NOTE: Upon motion for reargument this opinion was recalled and certain changes were made therein for clarity. Such changes did not alter the result reached in the case, and were not made necessary by the motion to reargue. The motion for reargument was dismissed.