# Edward Makela and Lillian Makela v. State of Vermont

[ 205 A.2d 813 ]

October Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 17, 1964

*Parker & Ainsworth* for plaintiffs.

*Keith E. King* for the State.

**Shangraw, J.** Acting under 12 V.S.A. §2386 the defendant seeks the answer to two questions of law certified by the Windsor County Court. The questions arise from the court's denial of the defendant's motion to dismiss the plaintiffs' action. The motion to dismiss is based on two grounds: (1) The issues raised in the plaintiffs' complaint are res judicata; (2) Defendant, being the sovereign State of Vermont, is immune from suit.

The motion presented is equivalent to a demurrer. Only the facts alleged in the complaint are before us. For the purpose of the motion, those allegations must be accepted as true. *Price* v. *Rowell,* 121 Vt. 393, 395, 159 A.2d 622; *Kaeser* v. *Town of Starksboro,* 116 Vt. 389, 391, 77 A.2d 831.

The motion was denied and the cause passed to this court for review. The first question presented below was whether the facts alleged were sufficient to support the application of the doctrine of

res judicata and estop the plaintiffs from maintaining the present suit. 30A Am. Jur. Judgments, §448, p. 496.

The complaint tells us that the defendant, State of Vermont, acquired by condemnation proceedings some 2.3 acres of land from the plaintiffs' homestead property in connection with a highway construction project. In that proceeding a trial was had by jury before the Windsor County Court and the plaintiffs sought to introduce evidence bearing upon damages to the anticipated loss of their source of domestic water supply. The water supply came from a well located between the dwelling house on their premises and the proposed highway. The complaint further alleges: "The Court excluded all evidence bearing upon the matter of loss of domestic water supply as being speculative in character and submitted the case to the jury only on other items of damages."

The plaintiff further alleges that in the course of the necessary construction which followed, earth was removed which released the water from plaintiffs' well. This resulted in the taking of the plaintiffs' water supply for a public use, and for such taking they have not received an equivalent in money.

The complaint does not identify nor mention the judgment order in the condemnation proceedings. Despite this, the first question certified is,—"Whether the judgment order in the case of *Makela* v. *State Highway Board,* Windsor County Court Docket No. 2942, is determinative of the subject matter of the case at bar, rendering the present case res judicata." Without having that judgment order before us, we cannot answer the first question certified.

The general rule is that a party defending on the doctrine of res judicata, as to a particular issue in the litigation involved, bears the burden of demonstrating, by evidence if necessary, that such issue was involved and actually determined in the prior action. *Spaulding, Admr. Et Al* v. *Mutual Life Insurance Company of New York,* 96 Vt. 67, 72, 117 Atl. 376; 30A Am. Jur. Judgments, §466, pages 506-507.

A motion to dismiss the action on the basis of res judicata is appropriate only when the record in the prior proceedings appears in sufficient detail to clearly establish that the issue in the present case was settled in the judgment rendered in the first case. *Rogali* v. *Holmes,* 111 Conn. 663, 151 Atl. 190; *Keown* v. *Hughes,* 265 F. 572, 574; 30A Am. Jur. Judgments, §448; 120 A.L.R. 131.

The defendant attempts to establish res judicata from the plaintiffs' complaint, without assistance from the judgment order or any records of the prior proceedings. The reference to the former litigation as set forth in the complaint does not prove what issues were, or might have been determined, by the judgment in the condemnation proceedings. Without the necessary facts appearing in the complaint, the burden remains on the defendant to demonstrate by the record of the first proceedings, or evidence, that the award was conclusive on the question of the damage to the plaintiffs' water supply. *Tudor* v. *Kennett & Mudgett,* 87 Vt. 99, 101, 88 Atl. 520; *Chapman* v. *Chapman,* 118 Vt. 166, 169, 102 A. 2d 849; *Trapeni* v. *Walker,* 120 Vt. 510, 513, 144 A. 2d 831.

Since this matter is before us entirely on the pleadings, which do not support the claim of res judicata, we must affirm the ruling below on this issue. This does not foreclose the establishing of this defense by the introduction of appropriate records and evidence.

The second question certified is: "Whether in the instant case the State has consented to suit or has waived the sovereign immunity of the State of Vermont from suit or liability in this matter, or whether the defense of sovereign immunity is available to it."

Article 2 of Chapter 1 of the Vermont Constitution contains this provision: "That private property ought to be subservient to public uses when necessity requires it, nevertheless, whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money." If property has to be so taken it must be under the right of eminent domain. *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 483, 89 Atl. 746.

The doctrine of immunity from liability does not apply where the injury complained of is the taking of private property for public use without compensation. *Griswold* v. *Weathersfield,* 117 Vt. 224, 226, 88 A.2d 829, and cases cited. This rule is also recognized in cases having to do with damage to property but not with the taking thereof. *Haynes* v. *Burlington,* 38 Vt. 350, 360; *Sanborn* v. *Village of Enosburg Falls, supra.* At page 484 of the latter case it is stated: "Any permanent occupation of private property for public use and exclusion of the owner from its beneficial use regardless of how the title is left, must be by the exercise of the right of eminent domain, and must be compensated for, unless it can be referred to some other governmental power, as the police power."

In referring to 19 V.S.A. §221 (2) of Chapter 5 of our condemnation statutes, former Chief Justice Hulburd made the following observation in the case of *Penna* v. *State Highway Board,* 122 Vt. 290, 292, 170 A. 2d 630: "We have no difficulty in discovering its intent that where land is condemned for highway purposes the owners shall be compensated: (1) for the value of the land taken, (2) for the value of the loss of business thereon, and (3) for damage resulting to the balance of the land remaining to the owners where an entire parcel is not taken."

The liability under our constitutional provision, as well as 19 V.S.A. §221 (2), is not dependent on negligence, but on the taking of or damage to private property, and this unlawful taking or damage gives a right of action.

On the facts set forth in the complaint the defendant is not entitled to the benefit of sovereign immunity as a defense to this action.

*The order denying the defendant's motion to dismiss is affirmed and the cause is remanded.*