## John D. Ford v. Patricia A. Ford Franklin

[274 A.2d 461]

No. 116-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 2, 1971

*Cornelius O. Granai,* Barre, for Plaintiff.

*John S. Burgess,* Brattleboro, for Defendant.

**Smith, J.** This is an appeal from the Washington County Court by Patricia A. Ford Franklin, the libelee in a divorce action brought in that court by her former husband, John D. Ford, the libelant.

Three questions are presented for our determination:

"Did the court below have jurisdiction?

Was appellee afforded due process of law with respect to the hearing held on the merits on January 29, 1969?

Did the court below err in amending Paragraph 5 of the order and decree made in the divorce proceedings below?"

The preeminent question presented is, a questioning of the jurisdiction of the Washington County Court in the divorce proceedings below. For if there was a lack of jurisdiction in the Washington County Court to entertain the action for divorce brought in this state by the libelant against the libelee, it must necessarily follow that any order and decree made as a result of hearing such libel would be of no validity or effect, which would also apply to any amendment of the order made.

The libelant brought a libel for divorce against the libelee dated the 22nd day of July, 1966, which was duly served on the libelee. While certain orders were made by the Washington

County Court of a preliminary nature, after hearing, the libel was discontinued by the libelant on December 13, 1966.

The then Mrs. Ford, having moved to Nevada, brought a divorce action against Mr. Ford in the Eighth Judicial District Court of Nevada in and for the County of Clark. A final decree issued from the Nevada Court in such action on April 24, 1967, granting a decree of divorce absolute to Mrs. Ford from the appellee, and granting her the custody of a minor child, Kathie, one of the three then minor children of the parties. A certified copy of such decree was filed by Mrs. Ford in the Vermont divorce proceeding brought by Mr. Ford against Mrs. Ford in the Washington County Court, dated April 10, 1967, and served on the libelee here on April 18, 1967. Such Nevada decree was attached to the answer and the motion to dismiss, incorporated by reference, and made a part thereof. The motion to dismiss by the libelee, Mrs. Ford, was denied by the lower court on January 16, 1968. The order stated that the libelee's motion to dismiss was after "a consideration of the pleadings and argument of counsel and memoranda of law submitted."

On September 18, 1968, the libelee's application for the appointment of a commissioner to take testimony outside the state was denied, but the libelant was ordered to pay a sum of money to the attorney for the libelee to pay her air fare from Reno, Nevada, to Montpelier, Vermont, for a hearing on October 29, 1968. Such sum was never paid by the libelant, although it is claimed by counsel for the libelant that it was made available to the counsel for the libelee.

The cause came on for hearing on the merits on January 29, 1969, in the Washington County Court. Neither the libelee nor her counsel were present. A bill of divorce was granted to the libelant, and the custody of the two oldest minor children was granted to the libelant. The decree also provided, "The real estate jointly held by the parties located in Town of Barre, Vermont, and also the camp located in Woodbury, Vermont, is decreed to the three minor children, equally, share and share alike, subject to the libelant's life use and possession of said premises." The libelant waived findings of fact by the court and none were made. The order was dated February 20, 1969. It is the claim of the libelee that she had no notice of such hearing.

On June 18, 1969, the libelant petitioned the court to revise the order and decree of February 20, 1969. It appeared from the petition that the real estate in Barre had been condemned by the State of Vermont for the purpose of building a highway and that a check in the amount of Fifteen Thousand Eight Hundred Seventeen Dollars and Fifty Cents ($15,817.50) had been issued, payable to the libelant and the libelee. The libelant sought to have the earlier order revised so that the provisions regarding the interest of the three minor children be struck, and that the check from the State of Vermont be made payable only to the libelant.

The libelee replied to this petition by stating that the three day notice given her of such hearing on the petition to revise gave her insufficient opportunity to travel from Nevada to Vermont, particularly in view of the fact that she had in her care a small child, the product of her second marriage to Mr. Franklin, as well as the young daughter from her first marriage. She also claimed a lack of funds to make such a trip. She again pleaded lack of jurisdiction in the Washington County Court because of the divorce granted in Nevada, of which state she was still a resident.

The Washington County Court, on June 30, 1969, had a hearing on the petition to modify the original order, granted the modification of the original order sought by the libelant in that the State of Vermont was ordered to pay the entire sum awarded for the Barre land condemnation to the libelant, denied the libelee's objection to petition, her motion for a continuance, a motion to strike the decree and for rehearing and motion to dismiss petition and libel. Findings of fact were made. The most significant of such findings in connection with the jurisdictional question raised from the beginning of this case, is No. 6:

"The libelee took leave of the State of Vermont January 16, 1967. She has taken up residence in Nevada, obtained a Nevada divorce, remarried, and has a child."

These findings of fact are the first and only findings of fact which were made in any of the various proceedings and hearings that had been held in the Washington County Court.

While the above history of the case has been condensed and shortened, we believe that it enables us to consider the matter

of the jurisdiction of the Washington County Court of the libel of divorce presented to it.

We now return to the early proceedings of the Washington County Court relative to the libelee's motion to dismiss the libel. In effect, the libelee was alleging an affirmative defense to the divorce action of the libelant by reason of the dissolving of the matrimonial relationship existing between the parties by a prior decree of divorce from a Nevada court. The libelee attached a certified copy of the Nevada decree to her answer and motion to dismiss.

"EXHIBIT 'A'

Case No. A. 41856

IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK

| PATRICIA FORD, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | DECREE OF DIVORCE |
| JOHN FORD, | ) | |
| Defendant | ) | |

The above entitled action having come on regularly for trial before the above entitled Court, sitting without a jury this day, upon the Complaint of the Plaintiff, and upon all the records and files herein, the Plaintiff appearing personally and through counsel, DAVID ABBATANGELO, ESQ., and the Defendant being neither present in person nor by attorney, and it appearing to the satisfaction of the Court from the pleadings and papers on file herein that the said Defendant was duly and regularly served with process in this action, and that more than twenty days have elapsed since the said service of Summons, and the default for said Defendant having failed to appear and answer having been duly and regularly entered herein, the Plaintiff's attorney having introduced evidence in support of the allegations contained in said Complaint and the Court having considered the law and evidence, finds:

That for more than six weeks immediately preceding the commencement of this action and ever since, Plaintiff has been an actual and bona fide resident of the County of Clark, State of Nevada, and that this Court has jurisdiction over this cause of action, and that each and every of the allegations contained in Plaintiff's Complaint were and are true, that Plaintiff is entitled to the relief prayed for in said Complaint,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore and now existing between Plaintiff and Defendant be, and the same are wholly dissolved, and an absolute Decree of Divorce is hereby granted to the Plaintiff, and each of the parties hereto is hereby restored to the status of a single, unmarried person.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the care, custody and control of the minor child, the issue of said marriage, namely: KATHIE, born December 6, 1955 be, and the same is hereby awarded unto the Plaintiff.

DATED and DONE in Open Court at Las Vegas, Nevada this 24th day of April, 1967.

/s/ Thomas J. O'Donnell
DISTRICT JUDGE

/s/ David Abbatangelo
DAVID ABBATANGELO
Attorney for Plaintiff
510 Las Vegas Blvd. South
Las Vegas, Nevada

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.
DATE: May 15, 1967
LORETTA BOWMAN,
County Clerk and Clerk of the Eighth Judicial"

A hearing was held before the Washington County Court on December 27, 1967, on the libelee's motion to dismiss. At such hearing, counsel for the libelant, in response to a question from the presiding judge, relative to the Nevada decree, stated: "I am not contesting the statements, I'm questioning whether Patricia Ford is a resident of Nevada." The argument advanced by the counsel for the libelee was that the Nevada decree was entitled to full faith and credit and acted as a plea in bar because the parties, in fact, were not married.

> "A motion to dismiss the action on the basis of *res adjudicata* is appropriate only when the record in the prior proceedings appears in sufficient detail to clearly establish that the issue in the present case was settled in the judgment rendered in the first case." *Makela* v. *State,* 124 Vt. 407, 408, 205 A.2d 813 (1964).

Before the Washington County Court was the question of the validity of the Nevada decree before it, and the contents of which had been agreed by the libelant to have been as stated. The general requirements as to a recognition of the validity of an extraterritorial divorce decree are set forth in *Loeb* v. *Loeb,* 118 Vt. 472, 479, 114 A.2d 518 (1955):

> "The full faith and credit clause of the Federal Constitution requires the extraterritorial recognition of the validity of a divorce decree obtained in accordance with the requirement of procedural due process in the state by the spouse who under the law of such state had acquired a domicile there, although the spouse who remained in the state of the original matrimonial domicile did not appear in the divorce suit and was not served with process in the state in which the divorce was granted." Citing *Williams* v. *North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942).

As the *Loeb* case also states:

> "The burden of undermining the decree of a sister state rests heavily upon the assailant." *Loeb* v. *Loeb, supra,* 118 Vt. at 479.

We do not have the entire proceedings of the Nevada court before us, nor did the lower court. However, in the decree, a copy of which was before the lower court and before

us, it is stated: ". . . it appearing to the satisfaction of the Court from the pleadings and papers on file herein that the said Defendant was duly and regularly served with process in this action . . . ." This statement presented a *prima facie* presumption in favor of the validity of the Nevada proceedings, and entitled such proceeding to full faith, credit and comity, unless otherwise disproved. This sustained the burden of proof of the libelee to produce a decree of a sister state which, on the face of it, was entitled to full faith and credit in the court in Vermont.

■ ■ But while the libelant declared that he wished to undermine this decree of a sister state on the grounds of lack of domicile, he offered no evidence or proof of such lack. The Washington County Court, as then constituted, made no findings of fact upon this contention of the libelant. It is only when we come to the findings of fact made at a later proceeding in the case, on a motion to amend the original order, that we have any finding upon the subject of domicile from the Washington County Court, differently constituted:

> "The libelee took leave of the State of Vermont January 16, 1967. She has taken up residence in Nevada, obtained a Nevada divorce, remarried, and has a child."

Such finding fails to sustain the allegation of the libelant that the libelee was not a resident of Nevada at the time she obtained the divorce in that jurisdiction, and tends to support the fact, found by the court in Nevada, that she was a *bona fide* resident of that state.

> "Under our system of law, judicial power to grant a divorce, jurisdiction, strictly speaking, is founded on domicile." *Loeb* v. *Loeb, supra,* 118 Vt. at 478.

All of the evidence before the Washington County Court was that the domicile of the libelee was in Nevada, and not in Vermont. The lower court was in error in denying the motion of the libelee for dismissal of the divorce action in this State, and such motion should have been granted.

Despite the fact that the action for divorce should have been dismissed by the lower court, the Nevada divorce decree made no provision for the support of the three then minor children, although the custody of the minor child in Nevada

with her mother, was awarded to the libelee. Nor did the Nevada decree attempt to make any division of the then jointly owned property of the parties, which was in Ver-mont, and at the time consisted of realty.

■ The marital capacity of the parties had been changed by the decree of divorce granted by the Nevada court. But that fact does not mean that every other legal incident of the marriage was necessarily affected. *Morris* v. *Morris*, 118 Vt. 270, 272, 108 A.2d 258 (1954). The support of the three minor children of the parties, the custody of two older children, and the disposition of the property owned by the parties in Ver-mont, were not affected by the Nevada decree.

■ We held in *Miller* v. *Miller*, 124 Vt. 76, 77, 197 A.2d 488 (1963), that while, in a technical sense, one state cannot directly modify the decree of a sister state relating to child support, if there is personal jurisdiction of the parties, a state may enter a new order for child support which supersedes in that respect the decree of the foreign state, if a substantial change in circumstances is established. It would seem even more evident that where the decree of a sister state made no order for child support; made no order regarding the custody of two children of the parties, and also omitted, possibly intentionally, making any order regarding the disposition of jointly owned property in Vermont between the parties, the principles laid down on *Miller* v. *Miller, supra,* would be applicable. While the jointly owned property, or community property, of the parties may, by reason of the divorce decree, have been changed to an ownership as tenants in common between the parties, such property, was, and is located in Vermont, and under Vermont jurisdiction. 15 Am.Jur.2d *Community Property* § 93, at 903; also, 15 Am.Jur.2d *Community Property* § 98, at 908.

The Washington County Court was barred from hearing the divorce libel of the libelant because the matrimonial status of the parties had become *res adjudicata* by reason of the Nevada decree of absolute divorce. However, under the doctrine set forth in *Miller* v. *Miller, supra,* either party is entitled to bring a petition for modification of the Nevada decree upon the matters of child custody and support, as

well as to the division of property owned by the parties and located in this jurisdiction.

The county court undertook to dispose of the Vermont real estate and the proceeds of the highway condemnation proceedings. In so doing, it acted on the strength of the Vermont decree of divorce which it had previously granted the husband in defiance of the Nevada judgment. This was error and requires a reversal.

In the interest of justice we will not order a dismissal of the case, but will remand the cause to afford the opportunity to the parties to petition the Washington County Court to enlarge the Nevada decree so that disposition of the real estate located in Vermont and the condemnation award may be directed in further proceedings consistent with our holding in *Miller* v. *Miller, supra,* 124 Vt. at 77 and 123 Vt. 224 (1962).

*Reversed and remanded.*