### Ronald S. Holmberg v. Lou Ann Holmberg Goslant

[365 A.2d 250]

No. 42-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed September 17, 1976

*R. Bruce Freeman* of *Kiel Law Offices*, Springfield, for Plaintiff.

*Glover and Fink*, Ludlow, for Defendant.

**Per Curiam.** Plaintiff, divorced from defendant in New Hampshire, sought revision of the custody provisions of that decree in the Superior Court for Windsor County, where de-

fendant, remarried, now resides with her minor child. Defendant, served personally, admitted jurisdiction and countered with a similar request for modification. On its own motion, the trial court dismissed the cause for lack of jurisdiction because it was not a "motion in the original action" under the Reporter's Note to V.R.C.P. 80(j).

Our trial courts have original jurisdiction to revise or modify the provisions of a foreign divorce decree relating to custody and support where there is personal jurisdiction of the parties and a claim of substantial change of circumstances rendering the doctrine of res adjudicata inapplicable. *In re Cooke,* 114 Vt. 177, 41 A.2d 177 (1945); *Miller* v. *Miller,* 123 Vt. 221, 186 A.2d 93 (1962); *Ford* v. *Franklin,* 129 Vt. 114, 274 A.2d 461 (1971). This jurisdiction is unaffected by the Rules of Civil Procedure. 12 V.S.A. § 1; V.R.C.P. 82.

*The order of the Windsor Superior Court dismissing the action for lack of jurisdiction is vacated, and the cause is remanded.*