## Wilda L. Grant v. Richard D. Grant

[383 A.2d 627]

No. 342-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 7, 1978

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiff.

*Langrock and Sperry,* Middlebury, for Defendant.

**Daley, J.** The question before us in this appeal involves the power of a Vermont court to grant alimony where an existing valid divorce decree, rendered by a foreign court with personal jurisdiction over both parties, failed to grant alimony but reserved the right to do so. The defendant obtained a decree of divorce from the plaintiff in the District Court of

the Virgin Islands on September 12, 1968. Both parties had submitted to the jurisdiction of that court by appearing personally with counsel. Although the court did not award alimony to either party, the decree provided that the issue of alimony would be subject to further determination by that court upon motion.

In 1975, the plaintiff, then a non-resident of this state, brought a civil complaint in the Chittenden Superior Court seeking an award of temporary and permanent support. Jurisdiction over the defendant was properly obtained by service within the state. In response to defendant's motions to dismiss for lack of jurisdiction and for failure to state a claim upon which relief could be granted, the trial court upon hearing concluded that the plaintiff's action was a proper claim under 15 V.S.A. § 758 entitled "Revision of alimony decree," and denied both motions. A few months later the plaintiff obtained a court order in the Chittenden Superior Court for temporary alimony pursuant to 15 V.S.A. § 675. The court's jurisdiction to award temporary relief was challenged by the defendant in a motion for interlocutory appeal pursuant to V.R.C.P. 59 and V.R.A.P. 5. This request was denied. Following a hearing on the merits in June and July of 1976, the court in extensive findings of fact and conclusions of law adjudged that the plaintiff was not entitled to alimony, and dismissed the complaint. In the same judgment order, however, the plaintiff recovered $1,650.00, the sum stipulated to be due and owing under the temporary order. From this judgment the plaintiff appeals.

Plaintiff offered evidence at trial to support her claim that at the time of the Virgin Islands divorce she was entitled to alimony. She presented no facts or circumstances occurring subsequent to the foreign decree. Whether this same evidence was actually before the Virgin Islands court is not indicated by the record, but there is no doubt that the evidence was available for presentation at that time. The Vermont trial court in a decision on the merits denied permanent alimony based on a finding that the plaintiff had forfeited her rights to permanent relief by constantly resisting the defendant's attempts to obtain a divorce. We need not address the pro-

priety of the court's rationale inasmuch as the plaintiff's claim was not properly before the trial court in the first instance.

■ Plaintiff's suit for an independent grant of alimony or support seeks a remedy which exists only in equity or under statute but not at common law. *Loeb* v. *Loeb,* 118 Vt. 472, 486, 114 A.2d 518, 527 (1955). The legislature of this state has never seen fit to enact a statute authorizing an original and independent action for alimony after a marriage is ended by a valid divorce decree of any competent jurisdiction, and this Court has not had occasion to consider whether to extend its equitable powers to entertain an independent action for alimony. Therefore, at least under statute and at common law, the granting of alimony in any form is but an incident to the granting of the divorce, and unless the divorce is granted, the court has no power to grant permanent alimony. *Loeb* v. *Loeb, supra,* 118 Vt. at 485, 114 A.2d at 527.

■ The trial court treated plaintiff's claim for temporary and permanent support as a petition to revise a decree for alimony pursuant to 15 V.S.A. § 758. The plaintiff frames her appeal within the terms of that statute, the relevant portion of which provides as follows:

> After a decree for alimony or other annual allowance for the wife or children . . . the court may revise and alter its decree from time to time . . . respecting the amount of such alimony . . . and may make such decree respecting any of such matters as might have been made in the original action.

As a jurisdictional prerequisite to the power of the court to entertain an action to modify, the party seeking relief must establish a substantial change of circumstances since the original decree. *French* v. *French,* 128 Vt. 138, 139, 259 A.2d 778, 779 (1969). Otherwise the doctrine of res judicata prevents a judgment of modification. *Sand* v. *Sand,* 116 Vt. 70, 71, 69 A.2d 7, 8 (1949). The plaintiff neither alleged nor proved that a change of circumstance had occurred since the date of the Virgin Islands decree. Absent this showing the trial court was without the power to entertain an action under 15 V.S.A. § 758.

Plaintiff seeks to avoid this jurisdictional impediment to her claim by arguing that *Ford* v. *Franklin,* 129 Vt. 114, 122, 274 A.2d 461, 466 (1971) authorizes a Vermont court to enlarge a foreign divorce decree to dispose of matters not already adjudicated. In that decision we upheld the power of a Vermont court to determine child support and custody when a prior foreign decree made no such provisions. *Ford* v. *Franklin, supra,* 129 Vt. at 122, 274 A.2d at 466.

The rationale of *Ford* v. *Franklin* is unavailable to the plaintiff for two reasons. First, the cases are distinguishable factually. The foreign court in *Ford* v. *Franklin* did not provide in its decree for certain children belonging to the parties because of a lack of personal jurisdiction over the children and therefore a lack of power to adjudicate matters of custody and support. In the case before us, the Virgin Islands court had personal jurisdiction over the parties and therefore possessed the power to adjudicate the issue of alimony. The record contains no findings of fact or conclusions of law by the Virgin Islands court leaving this Court without a means of determining why alimony was not awarded. The Vermont trial court found as fact that the plaintiff refused to consider the matter of alimony in the Virgin Islands proceedings, which could be construed as a waiver of any right she might have had to an award. The Virgin Islands court, however, apparently did not find a waiver as indicated by the reservation of jurisdiction over the matter of alimony.

From the record before us we can be certain of at least two things: first, the failure to award alimony was not the result of a lack of power to do so; and secondly, all the evidence plaintiff presented to the Vermont trial court could have been presented to the Virgin Islands court. We can only surmise what led the Virgin Islands court to award no alimony while reserving the right to do so in the future. Whatever the rationale employed by the foreign court, its decree is nevertheless res judicata as to all facts and issues which could have been before it. 24 Am. Jur. 2d *Divorce and Separation* § 662. See *B & E Corp.* v. *Bessery,* 130 Vt. 597, 601, 298 A.2d 544, 546 (1972).

14

■ Even assuming, arguendo, that there was no decree for res judicata purposes in the instant case, there is a second reason why *Ford* v. *Franklin* still lends no support to plaintiff's claim. The power of our courts to entertain a suit concerning an incident of marriage depends on the nature of that particular incident. The marital incidents of child support and custody involve parental obligations which are continuous in nature and unaffected by divorce proceedings. *Morris* v. *Morris,* 118 Vt. 270, 272, 108 A.2d 258, 260 (1954); *Wheeler* v. *Lowell,* 91 Vt. 278, 280, 100 A. 39, 40 (1917). Thus, assuming other jurisdictional requirements are satisfied, *Ford* v. *Franklin, supra,* merely recognized the original jurisdiction of a Vermont court under statute and case law to adjudicate this continuing obligation and to modify existing orders or enter new orders in the absence of prior provision. *Holmberg* v. *Goslant,* 134 Vt. 455, 456, 365 A.2d 250, 251 (1976); 15 V.S.A. § 292. On the other hand, this jurisdiction does not recognize an independent action for alimony under common law once there is a valid divorce, *Loeb* v. *Loeb, supra,* 118 Vt. at 485, 114 A.2d at 527, and Vermont statute confers only the power to modify an existing decree of alimony or other support. 15 V.S.A. § 758. Plaintiff's marriage and her right to alimony terminated with the finality of the Virgin Islands decree.

■ The question of whether, upon a showing of substantial change of circumstances, 15 V.S.A. § 758 empowers our courts to modify foreign divorce decrees as to alimony has yet to be squarely presented to this Court. In *Miller* v. *Miller,* 123 Vt. 221, 224, 186 A.2d 93, 95–96 (1962), a case involving a petition to modify the provision for child support in a foreign divorce decree, there is the suggestion in dicta that a decree of alimony might likewise be modifiable under 15 V.S.A. § 758. The holding of the *Miller* case, and that of *Ford* v. *Franklin, supra,* 129 Vt. at 122, 274 A.2d at 466 are not authority, however, for the proposition that a Vermont court has the power under 15 V.S.A. § 758 to modify a foreign divorce decree for alimony, and this Court expressly refrains from deciding that question in this opinion. Suffice it to say that for the purposes of this case, absent a showing of substantial change of circumstance, the trial court was without jurisdiction to hear plaintiff's claim.

We therefore affirm the judgment of the trial court to the extent it dismisses plaintiff's complaint on the merits, although we do so for the reasons expressed within this opinion and not for the reasons expressed in the findings and conclusions of the trial court. *State* v. *Kelly*, 131 Vt. 582, 588, 312 A.2d 906, 909 (1973). We furthermore vacate the trial court's award of temporary alimony to the plaintiff. The authority for the grant of such relief is governed by 15 V.S.A. § 675 and V.R.C.P. 80(c). Both the statute and the rule are concerned with family maintenance pending permanent settlement in divorce proceedings, and the authority of the court in this respect is dependent on the existence of a divorce action. See *LaVoice* v. *LaVoice*, 125 Vt. 236, 238, 214 A.2d 53, 55 (1965). Since the plaintiff's action was not one for divorce, the court order for temporary alimony is null and void.

*The judgment of the Chittenden Superior Court, to the extent it dismisses the plaintiff's complaint on the merits, is affirmed. So much of the judgment as provides for recovery of monies due and owing under the temporary order is vacated and set aside.*