**Burnace Wilson TERRELL,**
**Petitioner-Defendant,**

v.

**Margot Lamanna Drew TERRELL,**
**Respondent-Plaintiff.**

Supreme Court of Tennessee.

March 26, 1979.

Dick L. Lansden, Nashville, for petitioner-defendant.

William R. Willis, Jr., Marian F. Harrison, Nashville, for respondent-plaintiff.

## OPINION

HARBISON, Justice.

The parties to this domestic relations action are residents of Tennessee. Both concede that they were validly divorced by a decree awarded to the husband in the Civil Court of Port-au-Prince, Haiti on June 3, 1974. In that action the wife was represented by counsel, a personal appearance was entered for her, and she submitted voluntarily to the jurisdiction of the court.

Despite that fact, however, the wife instituted the present action in Tennessee for divorce and alimony on September 13, 1974. The trial court sustained the divorce decree on grounds of public policy, and that issue was not pursued on appeal.[1]

Both the trial court and the Court of Appeals, however, found that the Haitian divorce did not cut off the wife's right to seek alimony in Tennessee, and both approved an award of alimony and counsel fees to her. In doing so they relied heavily upon *Toncray v. Toncray*, 123 Tenn. 476, 131 S.W. 977 (1910).

We find little or no persuasive analogy between this case and *Toncray*. In this case the husband and wife were married in Haiti in 1971, immediately after he divorced his previous wife there.[2] In 1974, after considerable marital discord, the wife consented to the husband's returning to Haiti to obtain a divorce from her. She drove him to the airport for that purpose. Three days before he left she executed and delivered to him a power of attorney, naming counsel to represent and act for her in the Haitian proceedings. The record shows that he did so act and that the husband had separate counsel. Neither court below found this power of attorney invalid.

Pursuant to the power of attorney, a general appearance was entered on behalf of the wife in Haiti. She had every opportunity to litigate a counterclaim for divorce and alimony in that jurisdiction had she seen fit to do so. There were no such facts present in *Toncray*, where the husband obtained a completely ex parte divorce in Virginia, service of process having been accomplished only by publication. Such a divorce was held not to preclude the right of the wife, a resident of Tennessee, later to claim alimony in the Tennessee courts.

In our opinion, the wife waived any claim for alimony by not asserting it in the Haitian court, when she entered a general appearance there and was represented throughout the proceedings by counsel. Cf. *Grant v. Grant*, 383 A.2d 627 (Vt.1978) (wife who appeared personally in Virgin Islands divorce proceedings held precluded from later claiming alimony in state court).

Our conclusion is not altered by the fact that shortly after the husband returned from Haiti, on June 6, 1974, the parties entered into an unusual arrangement, reflected by a written agreement. Under its terms the petitioner agreed to support respondent for eighteen months, to transfer certain assets to her and to pay educational expenses for her child by a former marriage. Respondent agreed that she would "take care of her wifely responsibilities" for petitioner. The agreement recited that it contained a full settlement of all claims of either party against the other "relative to alimony support division of property or otherwise [sic]."

---

1. Cf. *Hyde v. Hyde*, 562 S.W.2d 194 (Tenn. 1978) (foreign divorce recognized on principles of comity).

2. Prior to their wedding, which was the second marriage for both parties, they executed an antenuptial agreement mutually renouncing any claims to each other's property.

In this case neither party has claimed any rights or benefits under this document, nor does either seek its enforcement. Respondent does contend that its execution is evidence of her intention not to waive her rights to support and alimony despite her acquiescence in her husband's obtaining the Haitian divorce. We do not so regard it, nor could it obviate the legal effect of her submitting her marriage and its incidents to the jurisdiction of the foreign court by voluntary, unrestricted personal appearance therein.

The judgments of the courts below are reversed, and the suit is dismissed at the cost of respondent.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.