### Percy A. Timms and Linda C. Timms v. State of Vermont

[428 A.2d 1125]

No. 89-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 10, 1981

*Montgomery L. Moore*, Island Pond, for Plaintiffs.

*M. Jerome Diamond*, Attorney General, and *Richard M. Finn*, Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** The facts in this case are stipulated. The plaintiffs complain, and the State acknowledges, that the necessary use of salt from time to time to de-ice Route 114 in Island Pond has rendered the plaintiffs' adjoining well unfit for use. Both sides agree that the application of the salt was not negligent. The damages are stipulated at $2,500.

The State claims justification based on the police power. However, "the police power is not limitless, even though it be but another name for sovereignty itself." *Vermont Woolen Corp.* v. *Wackerman*, 122 Vt. 219, 224, 167 A.2d 533, 537 (1961). The police power is conditioned by Chapter I, Article 2 of the Vermont Constitution, which declares, "That private property ought to be subservient to public uses when necessity requires it, nevertheless, whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money."

Cases which uphold the exercise of the police power despite the provisions of Article 2 involve either regulation of the owner's property, *State* v. *Quattropani*, 99 Vt. 360, 363, 133 A. 352, 353 (1926), or destruction of the property "to avert an imminent public injury," *Aitken* v. *Village of Wells River*, 70 Vt. 308, 309, 40 A. 829, 830 (1898).

The State is not regulating the owners' property here; nor is the State faced with an impending calamity which requires

the State to destroy immediately the plaintiffs' property. That was the situation in *Aitken,* where a flood in Wells River had washed out part of the plaintiff's dam and had cut a channel around his mill, washing out part of an adjacent highway. To prevent further damage to the highway and town, the village trustees destroyed the mill and dam. This Court held that the destruction was a valid exercise of the police power, *id.* at 309–10, 40 A. at 830, citing many cases which upheld the necessary destruction of private property to prevent the spreading of fires and other impending disasters. The Court referred "to the unwise delay of the Lord Mayor of London to destroy some wooden buildings, which caused half that city to be burned in the great conflagration of 1666." *Id.* at 310, 40 A. at 830.

The State is not faced with such an impending calamity here; rather, the danger from the icy roads is a continuous one, and not of the gravity found in *Aitken.* In addition, in *Aitken* sovereign immunity was also the basis for protecting the village from liability. *Id.* at 313–14, 40 A. at 831. This Court has held in subsequent cases that sovereign immunity does not protect the State from liability in an action for a taking. *Makela* v. *State,* 124 Vt. 407, 409, 205 A.2d 813, 815 (1964); *Griswold* v. *Town School District of Weathersfield,* 117 Vt. 224, 226, 88 A.2d 829, 830 (1952).

The State also contends that even if its salting operations do not constitute a valid exercise of the police power, the plaintiffs' failure to show that the operations were unreasonable or excessive bars recovery. Negligence or excessiveness are not necessary to recover for taking. "The liability under our constitutional provision is not dependent on negligence but on the taking of private property and this unlawful taking gives the right of action." *Griswold* v. *Town School District of Weathersfield, supra,* 117 Vt. at 227, 88 A.2d at 831.

■■ Permanent physical damage to property to the point of depriving the owner of its beneficial use constitutes a taking. *Id.* at 226, 88 A.2d at 830; *Sanborn* v. *Village of Enosburg Falls,* 87 Vt. 479, 483–84, 89 A. 746, 748 (1914). Since the State admits that its salting operation rendered the plaintiffs' well unfit for use, plaintiffs should recover their loss. See also *Foss* v. *Maine Turnpike Authority,* 309 A.2d 339, 343–44 (Me. 1973).

▮▮▮▮▮▮▮▮▮

*The order dismissing the action on its merits is reversed, and the cause remanded. Let a new judgment be entered in favor of the plaintiffs in the principal amount of $2,500.*