ARTHUR W. COOK *v.* FLORENCE J. M. COOK.

(86 A2d 923)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed February 14, 1952.

*Everett L. Hathorn* for the petitioner.

*Fucci & Fucci* for the petitionee.

ADAMS, J.  After remand of this cause from the Supreme Court of the United States, where our judgment was reversed (see 116 Vt 374, 76 A2d 593, for the judgment order of the trial court, our opinion and judgment order) and the cause remanded to this Court for proceedings not inconsistent with the opinion of the Supreme Court of the United States, the cause came before this Court again on a motion of the petitionee that the judgment of the Windsor County Court be affirmed.

It appears from the findings of fact in the instant case, as set forth in our original opinion, that the Windsor County Court found that in a divorce action brought in the State of Florida by the petitionee here against her then husband, Alfred H. Mann, she had no intention to establish a bona fide residence in Florida; that she intended to remain there only long enough to obtain her divorce; that she testified falsely in regard to the length of time she had lived in Florida and about remaining there permanently and making that her home and that she obtained her Florida divorce by deceiving the court there as to the facts of her domicile.

Since our opinion in this case was handed down the case of *Johnson* v. *Muelberger,* 340 US 581, 71 S Ct 474, 95 L Ed 552, has been decided.  In that case the petitioner had not complied with the 90 day residence requirement of Florida.  The petitionee appeared but made no contest on jurisdictional grounds.  It now appears to be the law that when the petitionee in a divorce case appears and has the opportunity to contest the jurisdiction but does not do so or when the petitionee has been personally served with process in the state and the proceedings may not be attacked on jurisdictional grounds by the parties who were actually before the court

or by their privies or by strangers in the courts of the State in which the divorce was rendered, the Full Faith and Credit Clause precludes their attacking it in the courts of a sister state.

As stated in our original opinion, the findings of fact in this case are devoid of any finding as to whether or not the former husband, Mann, of the present petitionee in her divorce proceeding in the State of Florida appeared in that proceeding or had been served personally with process in that State.

■ The opinion of the Supreme Court of the United States in this case, 342 US 126, 72 S Ct 157, 96 L Ed 94, holds that jurisdiction over a cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself and that the Florida decree is entitled to that presumption. We are, therefore, bound by the presumption and it is incumbent upon the petitioner here to overcome it, as stated, by showing that Mann never was served in Florida nor made an appearance in the case either generally or specially to contest the jurisdictional issues. It now seems that he must procure a finding to that effect though it can be and is established that the petitionee here did not comply with the jurisdictional requirements as to her domicile in her proceedings for her divorce from Mann in Florida.

■ Upon argument before us of the present motion, the petitioner did not request that the cause be remanded to the Windsor County Court for further proceedings in order that there might be a finding in regard to Mann's appearance or service on him in Florida. Although we would have the power to remand the cause of our own volition that no injustice may be done, *In Re Peter's Estate,* 116 Vt 32, 39, 69 A2d 281, we are satisfied from what was said on the motion in argument and from our examination of the exhibits in the case that were before the trial court, but, upon which no findings were made, that there would be no advantage in our doing so.

*Motion to affirm judgment granted. The judgment of the Windsor County Court that the purported marriage between the parties of February 5th, 1943, is null and void and that the petition as to the marriage of December 18th, 1943, is dismissed, is affirmed.*