## Frances T. Morris v. Richard W. Morris

[108 A2d 258]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ.**

Opinion Filed October 5, 1954.

*Philip M. M. Phelps* for the libellee.

*Bloomer & Bloomer* for the libellant.

**Cleary, J.** On April 15, 1952 the Rutland County Court granted a bill of divorce from bed and board for three years to the libellant, Frances T. Morris, on the ground of adultery, after personal service had on the libellee Richard W. Morris in the state of Vermont, after his attorney had entered a general appearance and after a hearing and findings of fact were made and filed. The court decreed certain Vermont real estate and also stock in various companies and corporations to the libellant as her sole and separate property, and ordered the libellee to pay her $300 a month toward her support and that of their three minor children, the first monthly payment to be for the month of April 1952. On May 1, 1953 the libellee filed a motion to bring the cause forward and a petition praying that, after hearing, the court revoke its decree of April 15, 1952 and dismiss the libel because the libellee had been a resident and

domiciled in Reno, Nevada, since September 22, 1952, had filed a libel for divorce there on November 3, 1952, because the Nevada court had granted him an absolute divorce on December 8, 1952 and the parties were no longer husband and wife. The libellant answered on June 1, 1953 denying that the libellee lived in or was domiciled in Reno, Nevada, alleging that any period he lived there was for the sole purpose of obtaining a fraudulent divorce, that, at the time of the answer, he was in the State of New York and that he was in default on the court order issued by the Rutland county court.

The cause was brought foreward and a hearing had. No evidence at all was offered by the libellant and the only evidence introduced by the libellee was a judgment roll of purported divorce proceedings instituted by Richard W. Morris v. Frances T. Morris in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe. In a decree dated December 8, 1952 the Nevada court dissolved the marriage and freed, absolved and absolutely released each of the parties from the bonds of matrimony. The Nevada decree states that it had appeared to the court that the defendant was legally served by personal service on her and had made default in failing to appear, answer or otherwise plead. The decreee does not state whether the service on the defendant was made in Nevada or outside that State.

After finding and filing facts which set out the order and decree of the Rutland county court of April, 15, 1952 and the decree of the Nevada court of December 8, 1952 the court below denied the libellee's petition to revoke the decree from bed and board and to dismiss the original libel brought by Frances T. Morris. The case is here on the libellee's exception to the court's denial of his petition.

■ Since the decision in *Cook* v. *Cook*, 117 Vt 173, 175, 86 A2d 923, 342 US 126, 72 S Ct 157, 96 L ed 94, jurisdiction over a cause and the parties in a divorce case is to be presumed unless disproved by extrinsic evidence or by the record itself and it was incumbent upon the libellant here to overcome that presumption and to procure a finding to that effect. Since she introduced no evidence the Nevada decree is entitled to the presumption.

■ But the fact that the marital capacity of the parties was changed does not mean that every other legal incidence of the marriage was necessarily affected. *Estin* v. *Estin*, 334 US 541, 545, 68 S Ct 1213, 92 L Ed 1561, 1566. At the hearing below libellee's counsel conceded that the Vermont decree regarding alimony and support should be complied with and upheld to the date of the Nevada divorce. He takes that position in his brief and cites authority that, since the wife had a vested interest in instalments which had already accrued at the time of the Nevada divorce, the Nevada decree had no effect upon those instalments. He is bound by his concessions.

■ The Nevada decree could not affect the Vermont decree regarding the real estate and stocks which were given to the libellant as her sole and separate property. The Vermont decree also provided for the support of three minor children who were still minors at the time of the present petition. The Nevada decree mentions only one child so it could not affect the other two children. The libellee was still reasonably liable for their support. *Buckminister* v. *Buckminister*, 38 Vt 248, 250; *Andrew* v. *Andrew*, 62 Vt 495, 500, 20 A 817; *City of Montpelier* v. *Town of Elmore*, 71 Vt 193, 195, 44 A 77; *Miller* v. *Miller*, 89 Vt 547, 549, 95 A 928; *Wheeler* v. *Lowell*, 91 Vt 278, 280, 100 A 39.

If the prayer of the petition here were granted, it would vitiate the entire Vermont decree and hold for naught that part of the decree that is not affected by the Nevada proceedings. For all of the reasons above set forth the petition to revoke and dismiss the Vermont libel was properly denied. *Judgment affirmed and cause remanded.*