Froessel, J.
Plaintiff and defendant were married in Connecticut on September 26,1942. Defendant was then a resident of Vermont and plaintiff a resident of New York, though employed as an instructor in equitation and living at a school in Virginia. In 1944 the parties established their matrimonial domicile in the State of Vermont. There they spent all of their married life together, except that in June, 1951 defendant left plaintiff and took up residence in New Hampshire, where he remained until April, 1952. He then moved to Nevada, where he subsequently obtained an ex parte divorce in July, 1952. This decree of divorce made no provision for the support of plaintiff nor for the-custody and support of their child.
Meanwhile, however, while defendant was paying plaintiff $700 per month, the parties were negotiating with respect to property rights, permanent support, maintenance, custody and other matters. According to plaintiff, these negotiations were terminated because she refused to execute a release to the woman whom defendant subsequently married, whereupon he paid $300 for the support of the child only.
*546 On November 15, 1952 plaintiff petitioned the Windham County Court in Vermont seeking custody of the daughter of the marriage. Defendant, after first filing a special appearance, later" appeared generally, pleaded the Nevada divorce as a bar to the action, and asked for custody of the child during the school year. Plaintiff in a reply challenged the validity of defendant’s Nevada divorce and requested that the court make an order (1) for the support of the child, (2) for the support of plaintiff, and (3) for an award of counsel fees (Loeb v. Loeb, 118 Vt. 472, 476). A trial was had in June, 1953 in the County Court.
In August, 1953, while the action was still pending in said court, plaintiff sold their home for $21,800. She thereupon moved to the home of defendant’s mother in Oyster Bay, New York, apparently staying there from October, 1953 through July, 1955, when she purchased a home in Amenia, Dutchess County, New York, for $35,000, a $20,000 mortgage on which was given by defendant’s mother. Plaintiff testified that in October, 1953 she formed the intention to become a resident of the State of New York. As late as August, 1953 she filed her notice of retaining residence in Vermont with the town clerk of Windham. This was more than a year after defendant had secured his divorce.
The Vermont County Court, on March 20, 1954, (1) awarded plaintiff custody of the couple’s daughter, granting defendant visitation rights, (2) ordered defendant to pay $450 a month for the support of the child, (3) directed defendant to pay $350 a month for plaintiff’s support, and (4) ordered defendant to pay $6,289.39 for attorneys’ fees and disbursements. That court also ruled that defendant’s Nevada divorce decree was entitled to full faith and credit.
An appeal was taken to the Vermont Supreme Court in April, 1954 and, in a decision of May 3, 1955, .that court affirmed so much of the County Court order as related to custody and support of the infant as well as the provision for attorneys’ fees and disbursements, agreed that the Nevada divorce was valid, but reversed so much of the lower court determination as related to plaintiff’s support. The Vermont Supreme Court took the view that neither under the applicable Vermont statute nor under common law did the County Court have power to *547 entertain a petition for support by a person who had been validly divorced in another jurisdiction (118 Vt., pp. 483-486). The Vermont court distinguished the situation before it from cases in which the wife had judgment in her favor awarding support or alimony in separation or limited divorce proceedings before the award of the foreign divorce (p. 481, citing Estin v. Estin, 334 U. S. 541, and Morris v. Morris, 118 Vt. 270).
Thus the Vermont Supreme Court ruled that, in the absence of statute, plaintiff might not have an award of support in her favor because the Vermont County Court was not vested with jurisdiction — i.e., was not competent — to make such an award. It may be noted that a situation parallel to that in New York was a reason for recommendation of the enactment of section 1170-b of the Civil Practice Act (1953 Report of N. Y. Law Rev. Comm., p. 475).
Prior to the decision of the Vermont Supreme Court, plaintiff instituted an action in our courts seeking (1) alternatively an absolute divorce or separation from defendant; (2) provision for her support and maintenance; (3) custody of the infant issue of the marriage and provision for said infant’s support, and (4) such other relief as she might be entitled to under sections 1170-a and 1170-b of the Civil Practice Act. On November 23, 1954 she procured a sequestration order against defendant. In November, 1955, after defendant had appeared generally in the action, a supplemental complaint was filed by plaintiff setting forth the decision of the Vermont Supreme Court, and on April 25,1956 plaintiff amended her complaint to allege her residence in the State for more than one year so as to comply with section 1170-b of the Civil Practice Act.
The trial court dismissed her complaint in all respects (3 Mise 2d 622). It correctly held that the issues relating to the validity of the Nevada divorce decree had been resolved against her in the plenary Vermont proceeding which she instituted. The remaining questions on this appeal relate to the application of section 1170-b of the Civil Practice Act to the facts of this case. Plaintiff argues that the section is applicable, and that it was error for the lower courts to have failed to accord her the requested relief under it. Defendant contends that the statute is inapplicable, and that it may not constitutionally afford plaintiff the relief she seeks.
*548 We are thus faced in this case with the question left open by us in Vanderbilt v. Vanderbilt (1 N Y 2d 342, affd. 354 U. S. 416). There we held that where a wife, after separation but prior to the grant of an ex parte Nevada divorce, established her domicile in New York, she could avail herself of the provisions of section 1170-b and secure an order of support from the New York courts after the Nevada divorce. We stated (p. 351) that we need not decide there “ whether she should have the same right to come into New York, even after a foreign-State divorce, to take advantage of section 1170-b
Section 1170-b of the Civil Practice Act was recommended by the Law Revision Commission in 1952, with the statement that: ‘ ‘ The Commission believes that legislation is necessary to protect a New York wife whose right to support from her husband may now be completely cut off by an ex parte foreign divorce decree, in the absence of a previous New York separation decree with provision for maintenance.” (1953 Report of N. Y. Law Rev. Comm., p. 468.)
The Legislature, in enacting section 1170-b in 1953 with the recommendations of the Law Revision Commission before them, intended that section to apply only to “ New York wives ” and not to a spouse who was at no time during the course of her marriage a “ New York wife ”. The purpose of section 1170-b was a protective one; it sought to afford a remedy to wives here whose property rights might be jeopardized by an ex parte divorce by their spouses. It was not intended as a substantive grant of a forum to all wives, wherever located, whose husbands had obtained ex parte divorces not including support provisions for them.
Recognizing the social problems created by the frequent inequality of mobility and financial means as between husband and wife, the Legislature aimed to aid those wives who were unable to pursue their itinerant spouses and obtain support rights in foreign jurisdictions. However, such a policy is not furthered by allowing emigrant wives to journey to this State to avail themselves of this remedy. The interest of this State is the protection of the families located here, not the attraction of out-of-State spouses who seek to take advantage of our courts. This construction of the statute is supported by the *549 opinions of those courts which have commented upon it (Vanderbilt v. Vanderbilt, 1 A D 2d 3, 11, affd. 1 N Y 2d 342, affd. 354 U. S. 416, supra; see, also, 43 Corn. L. Q. 265, 270, 274), and avoids the constitutional questions raised by Justices Harlan and Frankfurter in their dissenting opinions in the Vanderbilt case (354 U. S. 425, 433-434).
"While we are not unmindful of the fact that, so far as this record shows, defendant’s conduct toward his wife left much to be desired, the wife has not placed herself in a situation helpful to her in the State of New York. While this State was her domicile before marriage, Vermont was definitely her domicile since 1944. Her husband is said to have abandoned her in June, 1951. He secured his Nevada divorce in July, 1952. In August, 1953 she filed notice of retaining residence in Vermont with the town clerk of Windham, and not until October, 1953, 1% years after she had been divorced, did she first declare her intention to become a resident of New York State. She then lived with her mother-in-law some 20 months — not pursuant to any agreement with her husband, for the negotiations had been terminated, but because the husband’s mother was exceedingly kind to her and paid all her expenses. In the meantime, she was pursuing her marital rights in the courts of her domicile, the State of Vermont. Under the circumstances presented by this record, it seems abundantly clear that plaintiff has had no contact with New York at any time during the period of their marriage, may in no sense be regarded as a New York wife, and accordingly is not entitled to relief under section 1170-b of the Civil Practice Act.
Under our construction of section 1170-b of the Civil Practice Act, the further issues posed by plaintiff in her brief are of little consequence. While it may be true, as her counsel alleges, that the trial court made certain factual errors, nevertheless the Appellate Division affirmed its exercise of discretion with the facts accurately set forth before them. The contention that section 1170-b mandates a court to grant support in every case is in any event irrelevant here since plaintiff does not come within the ambit of said statute.
The judgment appealed from should be affirmed, without costs.