### Town of Westminster and Virginia Ruppe v. Judson B. Hall

[428 A.2d 1095]

No. 458-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 3, 1981

*Salmon & Nostrand,* Bellows Falls, for Plaintiffs.

*Judson B. Hall,* pro se, Putney, Defendant.

**Barney, C.J.** The appellant Hall appeals the superior court's dismissal of his counterclaim. On September 8, 1977, the Town

of Westminster and Virginia Ruppe commenced this action in Windham Superior Court. The complaint alleged that the defendant Hall wilfully permitted his goats to trespass on town property and property owned by Ruppe. It alleged damage to the plaintiff Ruppe, but not to the Town. The plaintiffs requested $5,000 in damages and an injunction prohibiting future trespasses. In his answer, as amended, Hall denied that he had wilfully permitted his goats to trespass upon Ruppe's property, but admitted that his goats had entered her land and damaged her crops. He also filed a counterclaim in the answer, alleging (1) that actions by Ruppe had amounted to encouraging and perhaps even enticing his animals to come upon her property; (2) that the plaintiff Town of Westminster had no standing to bring suit for one party, since it did not allege damage to the Town; and (3) that the plaintiff, Virginia Ruppe, had wilfully and maliciously by innuendo and false statements spoken in reference to the defendant's trade as a goatherd, causing considerable damage and harassment to defendant Hall's reputation in the community and elsewhere. He requested damages of $6,600 plus all fees and costs.

On September 23, 1977, the trial court granted a preliminary injunction forbidding Hall from allowing his animals to trespass or go upon the land of the Town or Ruppe.

Over two years later, on October 24, 1979, the trial court held a hearing on the merits. At that hearing, the trial court judge stated that he was dismissing both the complaint and the counterclaim for failure to state a cause of action. That judgment is embodied in an order dated November 2, 1979, dismissing both the plaintiffs' complaint and the defendant's counterclaim without prejudice. The judge did not file findings of fact or conclusions of law with the order.

Only the defendant Hall appeals, contending that the trial court erred in dismissing his counterclaim without notice and without hearing any arguments to support the claim. We agree.

The judge's dismissal of the case is in the form of a V.R.C.P. 12(b)(6) motion to dismiss for failure to state a cause of action. V.R.C.P. 12 was derived from the Federal Rules of Civil Procedure. Federal case law interprets Rule 12 to mean

that, before the trial judge may dismiss a claim for failure to state a cause of action on his own motion, he must notify the party of his proposed action, and give the party an opportunity to argue against the motion, either in written form or at an oral hearing. *Literature, Inc.* v. *Quinn,* 482 F.2d 372, 374 (1st Cir. 1973); *Dodd* v. *Spokane County,* 393 F.2d 330, 334 (9th Cir. 1968). No such notice or opportunity was given either party in this case. As the court stated in *Harmon* v. *Superior Court,* 307 F.2d 796 (9th Cir. 1962):

> The claim may be . . . entirely spurious. The [counterclaim] may well not state a claim upon which relief can be granted. It may be that appellant cannot amend to state such a claim. But those are not the questions before us. The court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot.

*Id.* at 798.

We must, therefore, remand the cause to give the defendant Hall an opportunity to be heard on the matter. Since the plaintiffs did not appeal the portion of the judgment dismissing their complaint, that portion of the judgment still stands and may not be reviewed on remand. *Ryan* v. *Penn Jersey Boiler Construction Co.,* 134 Vt. 341, 342, 360 A.2d 62, 63 (1976).

At argument the defendant Hall also sought further relief. He claimed that the lawsuit below was maliciously based and intended to harass him. He asks for a remand for a trial of the issue in superior court.

■ An action, such as he describes, in the nature of a complaint for vexatious litigation, arises not as a result of a decision on appeal in this Court, but must be brought as an original action in the trial court, if the defendant be so advised. The defendant's request for relief on this issue is denied.

*The order dismissing the counterclaim is reversed, and the cause remanded for a hearing in accordance with the views*

*expressed in this opinion. Appellant's request for a remand for a trial on the complaint for vexatious litigation is denied.*

*Appellees to bear costs in this Court.*