## Darryl Driver v. Hazel Driver

[536 A.2d 557]

No. 85-014

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed November 13, 1987

*Rexford & Kilmartin*, Newport, for Plaintiff-Appellant.

*Robert W. Davis* of *Chimileski & Associates, P.C.*, Newport, for Defendant-Appellee.

**Per Curiam.** This appeal is from the dismissal of the plaintiff's divorce action. Plaintiff filed his action in the Orleans Superior Court. Following a hearing, a temporary order was issued. Subsequently, the defendant filed a motion to dismiss because of a prior judgment of divorce nisi from Massachusetts which defendant claimed was entitled to full faith and credit under section 1, article IV of the United States Constitution. A copy of the Massachusetts judgment was attached to the motion.

On the day the motion was received, the trial court, without notice to the plaintiff or a hearing, granted the motion without opinion. The plaintiff moved for relief from the order of dismissal pursuant to V.R.C.P. 60(b)(1) and (6). Following a hearing before a different judge that motion was denied.

When a written motion is filed any party who opposes it may file a memorandum in opposition within fifteen days after service of the motion. V.R.C.P. 78(b)(1). If such a memorandum is not filed, the court may dispose of the motion without argument. *Id.* In any case, the court may decline to hear oral argument and may dispose of the motion without a hearing or argument. V.R.C.P. 78(b)(2). Such matters are clearly within the discretion of the trial court. Therefore, the action of the trial court will not be disturbed in the absence of an abuse of discretion or a failure to exercise discretion. *Ohland* v. *Ohland*, 141 Vt. 34, 39, 442 A.2d 1306, 1309 (1982).

The plaintiff was given no opportunity by the trial court to file a memorandum within the fifteen-day period allowed by V.R.C.P. 78(b)(1). He therefore had no opportunity to oppose the according of full faith and credit to the Massachusetts judgment, nor

did he have the opportunity to state his grounds for such opposition.

The Massachusetts judgment alone is not necessarily dispositive of the issue of whether a Vermont court may hear the matter. For example, the jurisdiction of the Massachusetts court may be subject to collateral attack in Vermont if jurisdiction had not been contested and determined by the Massachusetts court. *Durfee* v. *Duke*, 375 U.S. 106, 111 (1963); *Davis* v. *Davis*, 305 U.S. 32, 42 (1938); *Thompson* v. *Whitman*, 85 U.S. (18 Wall.) 457, 469 (1873); accord *Sherrer* v. *Sherrer*, 334 U.S. 343, 350 (1948) (res judicata as to jurisdiction applies when issue was raised and the parties given full opportunity to litigate it); *Cook* v. *Cook*, 117 Vt. 173, 174-75, 86 A.2d 923, 923-24 (1952) (when a defendant in a divorce case appears and has the opportunity to contest jurisdiction, but fails to do so, proceedings may not be attacked on jurisdictional grounds); *Cook* v. *Cook*, 342 U.S. 126 (1951), *rev'g* 116 Vt. 374, 76 A.2d 593 (1950) (same case).*

█ Here, the trial court granted the motion to dismiss without a hearing or argument and with no basis whatever in the record upon which to base the exercise of its discretion. This amounts to a failure to exercise discretion on the part of the court. Cf. *Town of Westminster* v. *Hall*, 139 Vt. 248, 250, 428 A.2d 1095, 1097 (1981) (citing *Harmon* v. *Superior Court*, 307 F.2d 796, 798 (9th Cir. 1962)) (it was error for the trial court to dismiss the action for failure to state a claim because, without argument, the court could not know if appellant could state a claim entitling him to relief).

In his Rule 60 motion the plaintiff attempted to raise numerous challenges to the res judicata effect of the Massachusetts judgment. Despite the efforts of the Rule 60 judge, the parties were unable to clearly delineate their positions, nor were they able to create an adequate record. As a result, we are unable to resolve those issues on appeal on the basis of this record.

The Massachusetts judgment addressed the issues of divorce, custody and visitation. The record is unclear whether other issues concerning property division, maintenance, and child support remained over which the Vermont court might have ancillary juris-

---

* The burden rests, however, upon the assailant to overcome the presumption that the foreign divorce decree is jurisdictionally valid. *Walker* v. *Walker*, 124 Vt. 172, 174, 200 A.2d 267, 269 (1964); *Loeb* v. *Loeb*, 118 Vt. 472, 479, 114 A.2d 518, 524 (1955); *Cook* v. *Cook*, 117 Vt. at 175, 86 A.2d at 924.

diction even if the Massachusetts judgment is entitled to full faith and credit. *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416, 418-19 (1957); *Ford* v. *Franklin*, 129 Vt. 114, 122-23, 274 A.2d 461, 465-66 (1971); *Morris* v. *Morris*, 118 Vt. 270, 272, 108 A.2d 258, 259 (1954).

*Reversed; the order granting the motion to dismiss is vacated and the cause remanded.*