**Scott and Dana HUMINSKI and Bennington Mail Shoppe v. John LAVOIE, et al.**

[787 A.2d 489]

No. 99-330

September 26, 2001. Plaintiff Scott Huminski* appeals from a superior court

---

* Scott Huminski filed a pro se brief. Plaintiffs Dana Huminski and the

order dismissing his complaint against defendants, the State of Vermont, State's Attorney William Wright, Deputy State's Attorney John Lavoie, and probation and parole officer David Miner on the basis of sovereign immunity, prosecutorial immunity, and insufficiency of the pleadings. We reverse because the trial court failed to afford adequate notice of its intent to dismiss on these grounds, and remand for further proceedings.

As best as we can discern from the record, the underlying facts are as follows: The State charged plaintiff in district court with two counts of obstruction of justice under 13 V.S.A. § 3015. The prosecutor accused plaintiff of threatening a potential witness, Michael Ryan, in a landlord-tenant action. Plaintiff entered into a plea agreement with the State. Under the terms of the agreement, count 1 was dismissed, and plaintiff pleaded no contest to an amended charge of disorderly conduct on count 2. The district court imposed a fine of $100 with a surcharge, which plaintiff paid. Under a collateral agreement between the parties, plaintiff agreed to dismiss without prejudice two civil actions he had filed in superior court, one against the plaintiff in the original civil action and another against Ryan. Plaintiff also agreed not to refile a civil action in federal court against several people, which had been dismissed with leave to amend the complaint and refile. The State agreed not to recharge plaintiff on count 1 as long as he did not pursue the three civil actions.

Plaintiff moved to dismiss the two actions in superior court, but represented to the court that he was doing so only because he had been threatened with arrest if he did not do so. In the federal suit, plaintiff's wife, who had been a plaintiff in the action prior to dismissal,

Bennington Mail Shoppe have not filed briefs. Consequently, we refer to Scott Huminski as plaintiff in this decision.

filed an amended complaint without plaintiff. The State considered these actions inconsistent with the plea agreement, and filed a motion to vacate the plea. The court, Judge Corsones presiding, granted the State's motion, vacated the plea agreement, and reinstated the two felony charges of obstructing justice. Later, on motions seeking to vacate the order reinstating the charges, the court, Judge Hudson presiding, concluded that the State had violated the plea agreement. The court rejected the State's argument that plaintiff had violated the plea agreement when his wife refiled in federal court, noting that plaintiff's wife was not bound by the agreement between plaintiff and the State. Moreover, the court ruled that the State was barred by the Double Jeopardy Clause of the federal constitution from pursuing the two original charges for obstruction of justice. The State appealed this ruling, which we affirmed in *State v. Huminski*, No. 99-445 (Vt. Dec. 13, 2000) (mem.).

In response to the court's initial reinstatement of the two felony charges, plaintiff filed this action in superior court, alleging sixteen causes of action against defendants based on various actions that plaintiff contends were part of a conspiracy against him and his wife designed to ruin them financially. The actions included allegedly obtaining perjured affidavits from police officers and other witnesses to pursue criminal charges against plaintiff, as well as failing to prosecute those who perpetrated crimes against plaintiff and his wife, negligent hiring, training and supervision, conversion, and defamation. Plaintiff also alleged that defendants employed their prosecutorial power to interfere in various civil actions, and that defendants' actions were willful and malicious.

Defendants filed a motion to dismiss for failure to state a claim under V.R.C.P. 12(b)(6), arguing that: (1) the claims against defendants Wright, Lavoie, and

Miner were barred by the doctrine of res judicata; and (2) the claim against the State was barred by sovereign immunity. Submitted with the motion and memorandum of law was a copy of a federal district court order dismissing the action that plaintiff's wife had filed against Wright, Lavoie and Miner on the grounds that (1) plaintiff's wife had no standing to bring an action for violation of plaintiff's constitutional rights, (2) the allegations were insufficient to support a claim for conspiracy, and (3) the Eleventh Amendment barred the claim against the State. Plaintiff opposed the motion to dismiss.

Without holding a hearing, the court issued a written decision granting the motion. The court rejected defendants' res judicata argument, ruling that it was "plainly insufficient regarding the present claims," because the federal case was decided primarily on the ground that plaintiff's wife had no standing to bring constitutional claims on behalf of a third party. Nevertheless, although defendants had never presented immunity defenses on behalf of the individual defendants, the court dismissed the claims against defendants Wright and Lavoie because: (1) under 12 V.S.A. § 5602(a), claims based on an act or omission of a state employee acting within the scope of his or her employment must be brought against the State; and (2) Wright and Lavoie have absolute prosecutorial immunity. Additionally, the court dismissed the claim of conversion because the complaint alleged that the property was misappropriated by a police officer, who was not a named defendant, and ruled that the allegations were insufficient to support the claim of conspiracy, or the claim against Miner for interference with contractual relations. Finally, the court dismissed the claims against the State on the ground that there is no private analog for the governmental function of prosecuting a criminal case. Plaintiff appeals.

We first consider the court's decision to dismiss the claims against the individual defendants. In their V.R.C.P. 12(b)(6) motion and accompanying memorandum, defendants did not assert any immunity defense on behalf of the individual defendants. Nor did defendants allege that plaintiff's factual allegations fell short of stating a claim for relief, relying instead on the doctrine of res judicata predicated on the federal court ruling. Notwithstanding these omissions, the trial court dismissed the claims against the individual defendants on the basis of immunity, an action that amounts to a sua sponte dismissal of the complaint, without notice to plaintiff. This was error.

We have held that before the trial court may dismiss a complaint for failure to state a cause of action on its own motion, the court must notify the parties of the proposed action, and afford an opportunity to address the asserted grounds for dismissal, either in written form or at an oral hearing. See *Town of Westminster v. Hall*, 139 Vt. 248, 250, 428 A.2d 1095, 1096 (1981). As we explained in *Hall*, although a claim may be entirely spurious on its face, the court cannot know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief. See *id.*; see also *Neal v. Brockway*, 136 Vt. 119, 122, 385 A.2d 1069, 1070 (1978) (dismissal of complaint for failure to state claim without affording party notice and opportunity to amend was error requiring reversal).

Although the record here shows that plaintiff did address some immunity issues in his opposition to defendants' motion, this was inadequate to satisfy the purposes of the rule. Notice of the motion to dismiss, and the grounds on which it is based, is ordinarily afforded to alert the plaintiff to the specific legal theories underlying the challenge, and to enable the plaintiff to respond meaningfully by

countering the legal arguments asserted, or by clarifying the factual allegations to conform to the requirements of a valid cause of action. Through this traditional adversarial process, a complete record is produced, and the pertinent legal and factual issues are crystallized for review on appeal. Judicial economy is thereby served. In contrast, sua sponte dismissals without adequate notice to the parties tend to short-circuit the process, and ultimately to prolong the proceedings and squander judicial resources. See *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (noting that sua sponte dismissals may "tend to produce the very effect they seek to avoid — a waste of judicial resources"); *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (lack of record resulting from sua sponte dismissal hampers arguments on appeal and "results in the waste of judicial resources").

As other courts have observed, sua sponte dismissals are also disfavored because they cast the judge in the role of "'a proponent rather than an independent entity.'" *Perez*, 849 F.2d at 797 (quoting *Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 415 (7th Cir. 1986)); see also *Lewis v. New York*, 547 F.2d 4, 5 (2d Cir. 1976). We note that courts should be particularly careful to avoid this perception in cases involving pro se plaintiffs.

Because the court here failed to provide notice of its intent to dismiss the claims against the individual defendants on grounds not raised in defendants' motion, we conclude that the judgment must be reversed, and the matter remanded to afford the parties an adequate opportunity to be heard.

Because the issue may arise on remand, however, we note that the court's reliance on 12 V.S.A. § 5602(a) was misplaced. That subsection provides: "When the act or omission of an employee of the state acting within the scope of employment is believed to have caused damage to property, injury to

persons, or death, the exclusive right of action shall lie against the state of Vermont; and no such action may be maintained against the employee . . . ." 12 V.S.A. § 5602(a). The following subsection, however, provides: "This section does not apply to gross negligence or willful misconduct." 12 V.S.A. § 5602(b). Because plaintiff's claims are premised on allegations of willful misconduct, § 5602 does not bar the claims against the individual defendants.

The court also granted defendants' motion to dismiss the claims against the State on the grounds of sovereign immunity. "Sovereign immunity bars suits against the State unless immunity is expressly waived by statute." *Sabia v. State*, 164 Vt. 293, 298, 669 A.2d 1187, 1191 (1995). Under the Vermont Tort Claims Act, the State has waived its immunity to suits, caused by an employee acting within the scope of employment, for which "a private person would be liable." 12 V.S.A. § 5601(a). To determine whether a "private analog" exists, we ask whether the plaintiff's cause of action is comparable to a recognized cause of action against a private person. See *Sabia*, 164 Vt. at 298, 669 A.2d at 1191.

Here, the court ruled generally that there is no private analog for the "purely governmental function of prosecuting a criminal case." Although it is well settled that the State and prosecutors enjoy absolute immunity from civil suits for pursuing criminal prosecutions, this protection encompasses only those acts "closely associated with litigation or potential litigation, but does not cover administrative functions or investigative functions that are not a part of the judicial function." *Muzzy v. State*, 155 Vt. 279, 280, 583 A.2d 82, 83 (1990) (internal citations omitted). The complaint here stated multiple causes of action, including defamation, tortious interference with contract, civil rights violations, and negligent hiring and supervision, which require more thorough analysis in light

of the specific factual allegations to determine whether they fall within the scope of the immunity.

Plaintiff also contends on appeal that the trial court failed properly to consider his motion for a temporary restraining order or his motion to reconsider the denial of a temporary restraining order. In these motions, plaintiff requested that the court enjoin defendants Wright, Lavoie and the State "from filing criminal charges against Scott Huminski grounded upon Scott Huminski's protected activity of engaging in litigation before State Superior Court." The motion was filed January 4, 1999, in this civil case, after the first judge in the criminal proceeding vacated the plea and reinstated the original charges. Plaintiff then filed his brief in this case on August 23, 2000, appealing the denial of the temporary restraining order. Since then, the district court issued another order in the criminal proceeding, dismissing the reinstated charges because reinstatement violated the Double Jeopardy Clause. Moreover, this Court affirmed the dismissal in *State v. Huminski*, No. 99-445 (Vt. Dec. 13, 2000). In view of the change in circumstances since plaintiff filed the motion, we conclude that the motion is moot. Accordingly, we affirm the denial of the motion on this ground. In any event, the change in circumstances would warrant reconsideration by the superior court even if not moot. Thus, plaintiff may renew the motion, if still necessary, on remand.

Plaintiff also filed a motion in this Court to vacate the district court order dated September 4, 1998, which was the order in the criminal proceeding vacating his plea to a reduced charge and reinstating the original charges. It is not clear why this motion has been filed in this civil action or in this Court in the first instance. In any event, the motion is now moot as the charges have been ordered dismissed. See *Huminski*, No. 99-445, slip. op. at 3-4.

*Reversed and remanded.*

Motion for reargument denied November 28, 2001.