*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-450

MARCH TERM, 2014

| | |
|---|---|
| Eejipp Ala | APPEALED FROM: |
| | |
| | Superior Court, Orleans Unit, |
| v. | Civil Division |
| | |
| | |
| Andrew Pallito, Commissioner of the | DOCKET NO. 106-4-13 Oscv |
| Vermont Department of Corrections | |
| | Trial Judge: Howard E. VanBenthuysen |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's order dismissing his complaint as moot. He argues that: the court should have held a hearing before dismissing his complaint; the court failed to explicitly address his "amended complaint"; and the court should have granted judgment in his favor. We affirm the court's order.

Plaintiff is incarcerated. In April 2013, he filed a pro se complaint under Vermont Rule of Civil Procedure 75. Counsel was appointed for plaintiff, and counsel filed an amended complaint in May 2013. In his complaint, plaintiff sought review of the Department of Corrections' decision to deny his release from prison on reintegration furlough. See 28 V.S.A. § 808c (describing reintegration furlough program). The DOC had decided in March 2013 that plaintiff was not eligible for reintegration furlough. It based its decision on the fact that plaintiff had been convicted of a prohibited act—a sex offense—in 2005 and, pursuant to a 2008 DOC interim memorandum, sex offenders were not eligible for reintegration furlough. Plaintiff alleged that the 2008 memorandum did not have the force of law, and that by rule and by statute, all inmates with a minimum sentence of at least 365 days were eligible for reintegration furlough. In June 2013, plaintiff moved for summary judgment in his favor.

Counsel for the DOC subsequently entered an appearance. In August 2013, the DOC moved to dismiss plaintiff's complaint as moot. The DOC acknowledged that, according to its own rule, it could not deny reintegration furlough to plaintiff on the basis of the 2008 interim memorandum. See Rule 16 "Granting Reintegration Furlough," 4 Code of Vt. Rules 13 130 026-1 to 3. The DOC stated that it had since reevaluated plaintiff's eligibility for reintegration furlough under the criteria stated in the rule. It maintained that this reevaluation mooted plaintiff's claim that the DOC improperly denied him reintegration furlough on the basis of the interim memorandum.

While the DOC's motion to dismiss was pending, plaintiff, who was still represented by counsel, filed a pro se "amended complaint" challenging the DOC's reevaluation decision. He asserted that the DOC denied his request on reevaluation because he was a violent offender, but that the DOC had released other violent offenders. Plaintiff maintained that the DOC was discriminating against him in violation of his equal protection rights. Plaintiff also asserted that a caseworker told him that he would be released on reintegration furlough if he completed "CSC" and that the denial of his request for reintegration furlough constituted a breach of contract. Finally, plaintiff asked that the court not dismiss the complaint without a hearing, citing Huminski v. Lavoie, 173 Vt. 517 (2001).

In an October 2013 order, the court granted the DOC's motion to dismiss. It found that the DOC's reevaluation of plaintiff's eligibility for reintegration furlough, together with its concession that the review based on the 2008 memorandum was void, rendered the complaint moot. The court noted that plaintiff had not addressed the mootness argument in any of the three filings he had made since the DOC's motion was filed; this included plaintiff's "amended complaint." The court accordingly granted the DOC's motion to dismiss. By order on the same date, the court granted plaintiff's attorney's motion to withdraw. This appeal followed.

Plaintiff first argues that the court should have held a hearing before dismissing his complaint, citing Huminski as support. We reject this argument. In Huminski, the trial court dismissed a complaint sua sponte on grounds not raised by the defendant. 173 Vt. at 519. We found that, under such circumstances, the plaintiff had been deprived of adequate notice and opportunity to respond. Id. at 519-20. We stated that "before the trial court may dismiss a complaint for failure to state a cause of action on its own motion, the court must notify the parties of the proposed action, and afford an opportunity to address the asserted grounds for dismissal, either in written form or at an oral hearing." Id. at 519. Unlike Huminski, the court here dismissed plaintiff's complaint on the grounds specifically advanced by the DOC in its motion. Plaintiff had ample notice of the motion and ample opportunity to respond. Despite such notice, neither plaintiff nor his attorney responded to the mootness argument. The court was not obligated to hold a hearing before dismissing this case.

We agree with the trial court, moreover, that this case is moot. Generally, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." In re Moriarty, 156 Vt. 160, 163 (1991) (quotation omitted). As set forth above, plaintiff argued that the DOC had evaluated his request for reintegration furlough using the wrong standard. The DOC conceded that it had erred, and it reevaluted plaintiff's request under the appropriate standard. Plaintiff has obtained all of the relief that the court could have granted him. Id. ("A case is moot if the reviewing court can no longer grant effective relief." (quotation omitted)).

Plaintiff also asserts that the court failed to address his pro se "amended complaint." Plaintiff did not follow the proper procedure in seeking to amend his complaint. See V.R.C.P. 15(a) (as relevant here, party may amend pleading only by leave of court or by written consent of the adverse party). In any event, this document challenged the DOC's reevaluation decision. It was a new complaint based on a new DOC decision; plaintiff remains free to file such complaint

in the civil division after following any DOC grievance procedure that may exist. The allegations in this new complaint did not undermine the fact that the existing complaint was moot. We find no error in the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice