*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-434

JUNE TERM, 2014

| | | |
|---|---|---|
| Eejipp Ala | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Commissioner of the | } | DOCKET NO. 103-4-13 Oscv |
| Vermont Department of Corrections | } | |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the dismissal of his complaint in this action under Vermont Rule of Civil Procedure 75. We affirm.

Plaintiff filed a grievance with the Department of Corrections alleging that he was not treated fairly in the medication line. The grievance was rejected by the facility as untimely. The commissioner upheld that untimeliness determination, but also stated that prison staff had the discretion to run the medication line and that, based on what plaintiff had reported, the commissioner saw no evidence of discrimination. In his Rule 75 complaint, plaintiff alleged that corrections personnel discriminated against him by allowing other inmates to go in front of him in the medication line. He stated: "I want to be treated special too." In an amended complaint, he stated that he was not allowed to go to the front of the medication line under circumstances in which other inmates were allowed to go to the front of the line. The superior court concluded that no cause of action was available under Rule 75 and that plaintiff had failed to present an actionable constitutional violation.

On appeal, plaintiff states that the court should not have dismissed his complaint without first requiring the Department to respond to his interrogatories and then a holding a hearing to allow him an opportunity to show an equal protection violation. We review the trial court's dismissal of the complaint de novo and, like the trial court, "accept all factual allegations pleaded in the complaint as true and all reasonable inferences from those facts." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

As we noted in Rheaume, Rule 75 provides a procedure for review whenever review is permitted by the enabling statute or is otherwise available by proceedings in the nature of one of the common law extraordinary writs: certiorari, mandamus, or prohibition. Id. ¶ 5. No statute provides for judicial review of the type of decision at issue here. Nor do any of the extraordinary writs apply. The writ of prohibition is unavailable because the Department is vested with authority over the medical care of inmates. Id. ¶ 6 (stating that purpose of writ of prohibition is to prevent tribunal's unlawful assumption of jurisdiction contrary to common law or statute). Nor are writs of mandamus or certiorari available, insofar as there is no showing that the

Department has a statutory or regulatory duty to dispense medication in a certain manner, id. ¶ 7 (explaining that "writ of mandamus can enforce the performance of only existing duties"), and the Department's complained of conduct cannot be considered adjudicative in nature, id. ¶ 8 (explaining that writ of certiorari applies "to judicial actions by inferior courts and tribunals"). Accordingly, we agree with the trial court that relief under Rule 75 is not available with regard to plaintiff's complaint that he was not allowed to move to the front of the medication line.

On appeal, plaintiff focuses on his claim that his equal protection rights were violated. Again, we agree with the trial court that the alleged conduct does not rise to the level of a constitutional violation, as a matter of law. Plaintiff has not alleged wrongful conduct that was intentionally taken against him because of his membership in a protected class. Nor does he allege any injury resulting from the alleged discriminatory action. He does not suggest that he did not receive needed medication or that any delay in his receiving medication as the result of not being allowed to move to the front of the line caused him any harm. There is "a de minimis level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). The alleged conduct here falls squarely within that category. Cf. Gunn v. Ky. Dep't of Corr., 2010 WL 2555756, at *4 (W.D. Ky.) (stating that where inmate failed to allege any harm from being required to sit in assigned seat at chapel while other security check inmates were not, complained of conduct was "an isolated, de minimus inconvenience [that] does not support a constitutional claim").

Finally, we find no error resulting from the trial court's refusal to hold a hearing or compel the Department to answer plaintiff's interrogatories. The State moved to dismiss the matter. The trial court may dispose of a motion without holding a hearing, V.R.C.P. 78(b)(2), and we will not disturb the court's decision to do so "in the absence of an abuse of discretion or a failure to exercise discretion." Driver v. Driver, 148 Vt. 560, 561 (1987). The trial court was not compelled to hold a hearing to determine if there had been an equal protection violation when plaintiff's pleadings fail as a matter of law to state a claim for such a violation. Nor did the court abuse its discretion by not compelling the State to answer plaintiff's interrogatories. Plaintiff did not serve the interrogatories until after the State filed its motion to dismiss, which tested "the law of the claim, not the facts which support it." Powers v. Office of Child Support, 173 Vt. 390, 395 (2002). The trial court acknowledged that it was accepting plaintiff's alleged facts as true, but concluded that those facts did not support his legal claims.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2