*Dept. of Taxes v. Giannoni*, No. 755-9-16 Cncv (Mello, J., Nov. 9, 2016).
 [The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 755-9-16 Cncv

---

STATE OF VERMONT, DEPARTMENT OF
TAXES,
     Plaintiff,

v.

CHARLES P. GIANNONI,
     Defendant.

---

### DECISION AND ORDER
### RE: MOTION TO RECONSIDER

This is an action to collect allegedly unpaid personal income taxes from the tax years 2004, 2005, and 2009. The Department of Taxes (Department) moved for entry of default and default judgment on October 17, 2016. The Court dismissed the complaint without prejudice because "[a]ll claims appear to be barred by the statute of limitations, and plaintiff has provided the Court with no information to conclude otherwise." *State of Vermont, Dept. of Taxes v. Giannoni*, No. 755-9-16 Cncv (Oct. 18, 2016) (Mello, J.). The Department now moves the Court to reconsider its dismissal. Elizabeth M. Hannon, Esq. represents the Department, and Mr. Giannoni represents himself.

<u>Discussion</u>

This Decision and Order addresses two issues. The first is whether the Court erred in dismissing the complaint and should instead provide the parties with an opportunity to be heard on the issues. The second is whether the Court should issue a default judgment based on the Departments filings.

As to the first issue, the Department argues that the Court should have notified the parties and given the Department an opportunity to address the "asserted grounds for dismissal" before dismissing the complaint *sua sponte*. *Huminski v. Lavoie*, 173 Vt. 517, 519 (2001) (mem.). "Notice of the motion to dismiss, and the grounds on which it is based, is ordinarily afforded to alert the plaintiff to the specific legal theories underlying the challenge, and to enable the plaintiff to respond meaningfully by countering the legal arguments asserted, or by clarifying the factual allegations to conform to the requirements of a valid cause of action." *Id.*, 519–20. The Court agrees and will accordingly consider the Department's argument and materials that it submitted with its motion to reconsider.

As to the question of whether the Court should issue a default judgment, fairness and justice are better served when the Court resolves disputes on their merits. See *Desjarlais v. Gilman*, 143 Vt. 154, 158–59 (1983) ("Generally, the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served."). Judgment by default is at the trial court's discretion. *Ayer v. Hemingway*, 2013 VT 37, ¶ 21, 193 Vt. 610. Notably, the Court "has the authority to consider expiration of the statute of limitations if apparent on the face of plaintiff's complaint" and "to hold otherwise would obligate the court to issue judgment against a party that has not made an appearance no matter how old or unjust the claim." *DaimlerChrysler Servs. N. Am., LLC v. Ouimette*, 2003 VT 47, ¶ 6, 175 Vt. 316.

The assertions in the Department's pleadings and motions leave the Court with questions about whether fairness and justice would be served by issuing a default judgment. The Court's primary concern is that the Department brought its complaint to collect allegedly unremitted personal income taxes long after the taxes were originally due. Neither the complaint nor the motion for default judgment included sufficient information for the Court to conclude that the complaint is not barred by the statute of limitations.

In support of its motion to reconsider, the Department now submits that it issued First Notices of Audit Assessment on February 22, 2011. The Department argues that the limitations period does not lapse until six years from the date of the assessment. 32 V.S.A. § 5892(a). The Department may generally issue a notice of deficiency and assessment of penalties and interest "at any time within three years after the date that tax liability was originally required to be paid under this chapter." 32 V.S.A. § 5882(a); see also 32 V.S.A. § 5882(b)(1). The statute allows for exceptions. For instance, "[i]f the deficiency is caused by reason of fraud or the willful intent of the taxpayer to defeat or evade this chapter, the notification or assessment may be made *at any time*." 32 V.S.A. § 5882(b)(4) (emphasis added).

In this case, however, the pleadings, motion for default judgment, and materials submitted in support of the motion for default judgment and the motion to reconsider do not evince any reason why the Department would have had more than three years to issue the notices of deficiency after the 2004 and 2005 taxes were originally due.

The Court is aware that when a taxpayer fails to make use of the available appeal process after receiving a notice of deficiency, "[t]he taxpayer shall not thereafter contest, either directly or indirectly, the tax liability as therein set forth, in any proceeding." 32 V.S.A. § 5887(b); see also *Stone v. Errecart*, 165 Vt. 1, 6 (1996) (failure of taxpayers to exhaust administrative remedies deprived Superior Court of jurisdiction to hear a class action suit for recovery of unpaid refunds); *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 298 (1980) (section 5887 excludes other routes of appeal). The plain meaning of section 5887(b) is that taxpayers waive their ability to contest the Department's notice of deficiencies, interest, and penalties when they fail to petition or appeal within the prescribed time period. However, the Court questions whether the Department had authority to begin with to issue notices of deficiency in 2011 for 2004 and 2005 taxes. Even when the Department took the opportunity, in

2

its motion to reconsider, to show the basis of its claim, it did not demonstrate to the Court that was entitled to a default judgment.

Having considered the argument and materials that the Department now brings, the Court is not persuaded that it should issue a default judgment. The Department, on notice about the Court's reason for dismissal, still fails to show that it had the authority under section 5882 to issue notices of deficiency in 2011 for 2004 and 2005 taxes upon which it could base the present complaint. The claims for 2004 and 2005 taxes are time-barred and therefore dismissed. The claim for 2009 taxes is reinstated.

Mr. Giannoni has appeared, despite the Department's assertion to the contrary. The Department states that Mr. Giannoni "has failed to plead or otherwise defend this action within 20 days after service of the summons and complaint upon him." However, Mr. Giannoni timely returned an executed waiver of service. He also filed an answer with the Court on September 27, 2016 but did not file a certificate of service as required by Vermont Rule of Civil Procedure 5(h). Although Mr. Giannoni's answer did not comply in every way with the Rules of Civil Procedure, it does express an intent to defend. Because Mr. Giannoni has appeared, the Court must conduct a hearing before entering a default judgment with regard to the 2009 taxes. V.R.C.P. 4(b)(4).

In the future, if the Department seeks default judgment to collect allegedly unremitted taxes that were originally payable more than 6 years before the action was filed, the Department must submit proof by affidavit and other materials that show that the Department was authorized to issue the notice of deficiency and assessment and that the action has been brought within the statute of limitations period.

Order

The Department's Motion to Reconsider is *granted*. The motion for default is *denied* and the portions of the complaint related to collection of 2004 and 2005 taxes are *dismissed* without prejudice. The portion of the complaint related to collection of 2009 taxes is *reinstated*. The clerk will set the matter for a status conference in 30 days.

Dated this ___ day of November, 2016.

_____
Robert A. Mello
Superior Court Judge